## BRYAN *vs.* SMITH.

1. Possession and the right of possession, accompanied by a lien for money advanced, entitles the plaintiff to recover in detinue or trover against the sheriff who disturbs his possession by levying an attachment on the cotton, as the property of the defendant in attachment to whom the advances were made.

2. The statute of Mississippi in relation to the registration of mortgages and deeds of trust, (Hutchinson's Code, 605–6,) does not apply to a written agreement by which a planter assigns his crop of cotton to his commission merchant, to secure the latter for advances previously made on it, with a stipulation that the cotton shall not be sold before a specified day, unless directed by the assignor.

3. An agent of a commission merchant who receives commissions on all the cotton which he procures and ships to his principal, is a competent witness for the latter, in a suit concerning the title to certain bales of cotton, which the agent had procured and shipped, and on which he had received his commissions.

4. The defendant in attachment is a competent witness for his commission merchant, in a suit brought by the latter against the sheriff to recover certain bales of cotton, which he had seized under attachment, as the property of the defendant therein, and which the defendant had previously assigned to his commission merchant.

ERROR to the Circuit Court of Pickens.

Tried before the Hon. TURNER REAVIS.

DETINUE by Smith against Bryan for thirty bales of cotton.

The plaintiff, in the progress of the trial, proved and intro-

duced in evidence, a writing in the following words, to wit:

"Know all men by these presents, that I, Willis Pope, of Noxubee county, State of Mississippi, for and in consideration of sundry moneys or cash advanced to me, made by Murray F. Smith, of Mobile, Ala., amounting to between thirteen and fifteen hundred dollars, at divers times during this season, on my crop of cotton, in order to secure him the more certainly, do here, by these presents, assign to him, his heirs and assigns, thirty bales of cotton, marked diamond P, numbering from one to thirty inclusive; said cotton is not to be sold before the first day of April, 1850, unless I direct it. Witness my hand and seal, this 24th day of September, 1849. Columbus, Miss.

(Signed)            WILLIS POPE."

Plaintiff then offered as a witness, J. H. Turner, who, on his *voir dire*, said, "that he, as the agent of the plaintiff, made the advances mentioned in said instrument; that he was not a partner of the plaintiff, but was employed to advance on cotton shipped to the plaintiff, and was paid for his services by a certain per centage on the cotton shipped; that he was entitled to a per centage on the cotton sued for; that the cotton had been sold, and his commissions paid, and that there was no agreement that it should be returned in the event the cotton was recovered in this suit. The defendant objected to the witness, on the ground of interest; but his objection was overruled, and he excepted."

Witness then testified, in substance, to what he stated on his *voir dire;* and also, that the sums advanced, were advanced in Columbus, Mississippi, at three different times; that the two first advances were made some time before; could not remember how long; the first was five hundred dollars; that at the time of the first advance, said Pope promised to secure the amount then and afterwards to be advanced on his crop of cotton; that the amount he could not remember distinctly, but it all amounted to between $1300 and $1500; that said Pope lived in Noxubee county at the time the last advance was made, and had for some time before, and still lived in Mississippi; that said instrument was made at the time the last advance was made; that said Pope said the cotton mentioned in the instrument was at his plantation in

Noxubee county; that he, the said Turner, received, and the said Pope delivered the instrument, as and for a delivery of the cotton from that time, and that the said Pope was to have the cotton hauled to a warehouse in Memphis, Alabama, for plaintiff, and that he, Turner, was to ship it from that point; that he never saw the cotton at any time.

Plaintiff also proved by H. A. Pope, a son of Willis Pope, about the same thing in substance in respect to the advancement of money by Turner, and the making of the written instrument; and that the cotton was hauled to Memphis, and delivered at the warehouse there for the plaintiff, agreeably to the understanding with Turner.

Willis Pope proved about the same in substance as Turner, respecting the advancements of money, and the making of the instrument in writing; that when the instrument was made, his cotton was all ginned, and twenty bales packed; and that when he left home for Columbus, on his way to North Alabama, he directed his overseer to pack and mark the other ten bales, and haul them to Memphis, for the plaintiff. On cross-examination, he said, that his object in making the instrument was, to secure the plaintiff for his advances, and also to prevent it from being attached by Bush & Co., to whom he was indebted; he also stated, that the cotton had been sold by plaintiff, and did not quite pay the sum advanced, according to account rendered him by plaintiff. This witness was objected to by defendant, on the ground of interest; but the objection was overruled, and defendant excepted.

Young, the overseer of Willis Pope, proved that the cotton had been hauled to Memphis, and delivered at the warehouse of Coleman & Wallace, for Murray F. Smith, agreeably to Pope's orders; that he took the warehouse receipts for the cotton in the name of Willis Pope, but was not instructed to take them in this form, and that they remained in his possession until after the cotton had been attached by Bush & Co.

The defendant then proved, that he levied on the cotton in controversy, as the property of Willis Pope, by virtue of an attachment sued out against said Pope by Bush & Co., of Pickens county, Ala. The attachment was sued out on a

note of Pope's for $724, due 2d January, 1849. It was levied 10th October, 1849, and judgment had been rendered in the action in favor of Bush & Co.; he proved by the warehouseman at Memphis, Pickens county, that the cotton had been delivered in the latter part of September, 1849, and the receipts were given in the name of Willis Pope to his wagoner, and were afterwards delivered by a son of Willis Pope to Turner, as agent of the plaintiff.

Defendant then read certain portions of the statute law of the State of Mississippi, on the subject of registration of deeds, &c., from pages 605 and 606 of Hutchinson's Mississippi Code, and agreed that the same book might be read in the Supreme Court.

On this evidence, the court charged the jury:

That if they believed the evidence, they must find for the plaintiff. To this defendant excepted, and requested the court to charge:

That inasmuch as the said instrument in writing had not been recorded in Mississippi, it was void as to the plaintiffs in the attachment, Bush & Co., and therefore the verdict should be for the defendant. This the court refused, and the defendant excepted.

The several rulings of the court are now assigned for error.

E. W. PECK, for plaintiff in error:

1. The objection to the competency of Turner as a witness should have been sustained; he was incompetent on the ground of interest. 3 U. S. Digest 687 § 20; 7 Halst. 240.

2. The witness Pope was incompetent for the same reason. 3 U. S. Digest 688 § 24; 3 Har. & McH. 97.

3. The instrument under which the defendant in error claimed title was, by the statute laws of Mississippi, required to be recorded. Hutchinson's Digest 605, 606. Not having been recorded, it is void as to the plaintiff in error. Caldwell v. Edwards, 5 Stew. & P. 312.

4. The charge given is erroneous. 16 Ala. 318; 13 ib. 713.

35

BLISS & BALDWIN, *contra:*

1. Turner was a competent witness. As agent, he was competent, *ex necessitate;* and he had received his commissions on this cotton, which could not, in any event of this suit, be recovered from him. 3 Phillips on Evidence, (C. & H.'s Notes) 1527; 1 Murph. 423.

2. As to the competency of Willis Pope : His interest, if not balanced, was against the plaintiff below. Plaintiff had applied the proceeds of the cotton to the payment of his debt; and if the sheriff could now get it, it would pay another debt.

3. The instrument under which the plaintiff below claimed was not required to be recorded in Mississippi. The facts show a specific appropriation of the cotton to plaintiff, under the decision in Desha, Sheppard & Co. v. Pope & Son, 6 Ala. 690.

PHELAN, J.—The instrument made by Willis Pope in favor of the plaintiff, and delivered to his agent, Turner, in Columbus, Miss., on the 24th September, 1849, by which he "assigned," as it reads, to plaintiff, thirty bales of cotton described, to secure him for money then and before that time advanced, to the amount of thirteen to fifteen hundred dollars, was unquestionably a contract for the pledge of cotton, to secure the payment of money advanced. Whether the contract was actually executed by the delivery of the instrument to plaintiff's agent, and that fact amounted in law to a delivery of the cotton itself, so that plaintiff could, without more, have maintained detinue or trover for it, we need not, under the facts of this case, decide. If it should be construed to be nothing more than an executory contract for the pledge of cotton, that is, to place certain cotton in the plaintiff's hands to secure the repayment of the money advanced, the testimony clearly shows that, before the attachment of Bush & Co., under which the defendant as sheriff seeks protection, was issued or levied, the whole thirty bales had been delivered according to agreement by Pope, at the warehouse in Memphis, for and on account of the plaintiff, Smith. The possession and the right of possession, with a lien upon the cotton to the extent of his advances, was from that time

vested in the plaintiff, and gave him such a title as would enable him to bring detinue or trover against any one who should disturb his possession. The attachment of Bush & Co. against Pope could not, of course, be rightfully levied upon it, and would afford no protection to the act of the sheriff in seizing or retaining it. Desha v. Pope & Son, 6 Ala. 690, and cases there cited.

The statutes of Mississippi in respect to registration, were relied on, it seems, in the court below. The substance of those statutes, so far as they can possibly be supposed to have any bearing on this case, lays down the rule, that all deeds and conveyances, whether for real or personal property, may be recorded within three months after their execution, and have effect from the date of their execution; but, that deeds in trust and mortgages shall have effect only from the time when they are delivered to the clerk for registration, as against subsequent purchasers for valuable consideration without notice, and creditors. Hutchinson's (Miss.) Code 605, 606.

We do not see that these statutes can have any application to the case. The instrument was neither a deed in trust nor a mortgage. It was either an agreement to pledge, or an actual pledge of the cotton; and if the former, the agreement had been executed, by the delivery of the cotton before the attachment of Bush & Co. was issued. There was no sort of necessity for a registration of this instrument, to protect Smith in such a case; and that the instrument was made in Mississippi, and the cotton delivered and afterwards levied on in Alabama, could make no difference as respects the rights of these parties.

There was no valid objection to the competency of the witness Turner. His contract was to receive commissions on all the cotton he procured as agent, and shipped to Smith in Mobile. This cotton had been shipped, and his commissions paid. Whatever may be the result of this suit, it is quite clear, that these commissions cannot be recovered back from him. His liability over to Smith as his agent in making the advances, and not seeing that the cotton was first secured, if that were so, would not create such an interest as would affect his competency in this case; that must be a direct and

certain interest, either in the event of the suit, or in the record; and he has neither. Bean v. Pearsall, 12 Ala. 592, and cases there cited.

As to the witness Willis Pope: so far as he has an interest in the event of this suit, that interest lies on the other side; since, if the cotton is held to be liable to the attachment of Bush & Co., it would go to extinguish another debt of his after having already paid one due to Smith for advances. Holman v. Arnett, 4 Por. 63.

From what has been said, it follows that there was no error in admitting either of these witnesses to testify; that the charge given by the court was correct, there being no conflict in the testimony; and the charge asked by the defendant below was correctly refused.

There is no error in the record, and the judgment below is affirmed.