# McBrayer v. Dillard.

*Detinue against Sheriff for Property seized under Attachment.*

1. *Admissibility of proceedings in attachment suit, under plea of justification.* — In detinue against a sheriff for property seized under attachment, the plaintiff being the defendant in the attachment suit, the attachment and proceedings under it are competent evidence for the sheriff, under the plea of justification.

2. *Claim of exemption; when made.* — When property is seized under attachment by the sheriff, he is not required to restore it to the defendant on demand, unless the statutory affidavit and claim of exemption (Rev. Code, §§ 2885-6) is made and exhibited to him within five days after the levy.

3. *Who may claim exemption.* — It may be gravely doubted whether an absconding debtor, against whom an attachment has been sued out on the ground that he is about to remove from the State, can claim the benefit of the exemption law.

4. *Exemption Law of February 19, 1867 ; when of force.* — The Exemption Law of February 19, 1867 (Rev. Code, § 2884), being an act of the provisional government which has never been repealed, was continued in force by the act approved July 29, 1868 (Session Acts 1868, p. 7), but was not ratified by that act, and did not become operative by virtue of that act.

5. *Error without injury in charge against plaintiff not entitled to recover.* — A judgment will not be reversed, at the instance of the plaintiff below, on account of an erroneous charge to the jury, when the record shows that he cannot recover on the evidence in any event.

[McBrayer *v.* Dillard.]

APPEAL from the Circuit Court of Etowah.
Tried before the Hon. WM. L. WHITLOCK.

M. J. TURNLEY, for appellant.

JAS. A. REEVES, *contra.*

PETERS, J. — On the 11th day of November, 1870, Samuel McBrayer, as plaintiff, sued Samuel Dillard, as defendant, in the Circuit Court of Etowah County, in an action of detinue, for three mules, of the value of two hundred dollars each, and for the value of the use of the same during detention. The case was tried at the Fall Term of said Circuit Court, in 1871, when a verdict and judgment was rendered for the defendant Dillard, for costs. It appears from a bill of exceptions taken by the plaintiff in the court below, that the defendant answered the complaint by pleading, " in short, by consent, *Nil detinet,* and justification under legal process." Under the issues on these pleas, the plaintiff proved that the mules mentioned in his complaint belonged to him, as his own property, and that they were in possession of the defendant at the commencement of the suit ; and that he had made an affidavit that he was the head of a family, which, with himself, resided in this ,State, and claimed the property sued for as exempted to him as the head of such family under the laws of this State. This was done on the 10th day of November, 1870, before this suit was brought. The affidavit shows that " one horse mule, one mare mule, one bay horse mule, and one wagon, about to be sold by the sheriff of said county (Etowah), under a pretended order of said court in the above stated case (*James Burgess* v. *Samuel McBrayer*), is exempt to him, as the head of a family, from levy and sale by any legal process, and he therefore claims it as such." This affidavit was presented to Dillard, as " sheriff," and so acknowledged by him on the 10th day of November, 1870. The plaintiff then proved that he was, at the date of the claim above said, a resident citizen of this State, and the head of a family ; and also the value of the mules sued for, and the value of their hire or use. Then the defendant offered proof to show that the property in controversy had been taken under a process of attachment issued at the suit of said James Burgess, administrator, against McBrayer, returnable into the Circuit Court of Baine County, on the 7th day of August, 1867. The ground of the attachment was, that McBrayer was *about to remove out of the State.* The proceedings in the attachment case seem to have been regular ; and after the return of the attachment to the proper court, there was an order made by the court to sell the mules sued for, as perisha-

ble property. This order was also offered by the defendant as part of his proof; and he also showed that he held the property in suit for sale under said order. The order was made by said Circuit Court on the 24th day of October, 1868. The debt sought to be collected under the proceedings in the attachment was $645; but it does not appear when it was contracted, or where. The evidence offered to show the proceedings under the attachment and the order of court was objected to by the plaintiff; but the objection was overruled by the court, and the plaintiff excepted. The plaintiff also offered to prove that, after the return of the attachment to court, he moved to dismiss or dissolve the levy under his claim of exemption; but the court overruled the motion to dismiss the levy. This evidence, the court, on motion of the defendant, also rejected; and the plaintiff again excepted. The property mentioned in the order of court above referred to was sold by the defendant, as sheriff, under said order, and the proceeds in money returned into court and applied as shown by the record. On this evidence there were several charges given by the court, and several asked by the plaintiff, which were refused, to which the plaintiff excepted. But it is only necessary to notice one of the charges asked by the plaintiff, and refused by the court, as this contains the whole merits of the case as made on the pleadings. It is the third asked by plaintiff, and is in these words: " That the mules sued for were exempt to the defendant (McBrayer) in the suit with Burgess at the time he claimed them, as the head of a family residing in said State (Alabama), and the plaintiff is entitled to recover in this suit." This was refused by the court, and the plaintiff excepted.

1. The court did not err in refusing to reject the evidence of the proceedings under the attachment. It was a justification to the sheriff, and it was competent under the plea to that effect. There is no reasonable ground to doubt that the attachment in favor of Burgess, against the estate of McBrayer, was properly issued, and the levy under its authority was regularly and legally made; and the property thus seized went into the custody of the law, to be held by the sheriff until the levy was duly released by order of the court, or sold to satisfy the plaintiff's demand. The sheriff did not come into the possession of it as a trespasser, or hold it as a trespasser, against the right of the defendant in the attachment, who is the plaintiff in this suit; but he possessed it and held it as the agent of the law. Rev. Code, §§ 818, 821, 2943, 2955, 2956.

2. The levy in this case must have been made at least earlier than the order for the sale, which was in October, 1868; and the affidavit of the claim of exemption was not made

[McBrayer v. Dillard.]

until November, 1870. This was not within the time required by the Code, in order to authorize the sheriff to deliver the property to the claimant. The affidavit, in a proper case, and as required by the Code, must be made and presented to the sheriff within five days after the levy.. After this it comes too late. Rev. Code, § 2885, 2886. But it may be doubted whether these sections of the Code have anything to do with a case like this. Here the attachment suit had been permitted to pass beyond the remedy provided by these sections. It could not, then, apply. The court had jurisdiction to make the order for the sale. Rev. Code, § 2956. The law giving this authority is in these words : " If the property levied on be perishable, it must be sold by order of the court, on motion of either party, and the proceeds of the sale retained by the sheriff to await the decision of the cause, unless the court otherwise direct." The sheriff has no authority to suspend such an order, or to disregard it. Unless he could do this, he could not release the property ordered to be sold, to the defendant. And under the facts in this case, the plaintiff in the court below had no right of action against him for the mules, or the proceeds of their sale in his hands, without an order of court for the same.

3. It may also be gravely doubted, whether the law of exemptions of this State can be invoked in favor of absconding debtors, and debtors about to remove out of this State, as is the case here. The language of the statute is this : " The following property may be permanently retained for the *use of every family in this State* exempt from levy and sale by any legal proofs." Rev. Code, § 2880. The *use* of the property, as well as the family, must be *in* this State, to complete the exemption. The policy of the law is to aid the debtor with the means to support his family, and at the same time by his industry to accumulate the funds to pay his debts, as an inhabitant of this State. It is not to enable him to abandon his citizenship here, or carry himself and his property to a foreign jurisdiction, to the injury of the creditor who remains here. Such construction would be just the contrary to the purpose of the law, which is to aid and protect the citizen of this State.

4. The charge of the court that the exemption act of 1867 (Rev. Code, § 2884) " was not of force until the Revised Code of Alabama was ratified by the legislature, to wit, on the 29th day of July, 1868," is erroneous. The law referred to does not " ratify " the Revised Code, but it continues certain laws and parts of laws of that compilation *in force.* Acts 1868, p. 7. The exemption law of 1867 was an act of the legislature of the provisional government of this State, which has never been repealed.

5. But however this may be, it is an error that cannot help the appellant. His case is of such a nature that, in no view that can be taken of it upon the facts, can he be entitled to recover. When such is the case, there will be no reversal.

The judgment of the court below is therefore affirmed.