# Seals v. Edmondson.

*Action for Recovery of Personal Property in Specie.*

73  295
98  471

73  295
131 209

1. *Detinue; present unqualified right of possession necessary to maintain.*—In order to maintain detinue or the statutory action for the recovery of chattels *in specie*, the plaintiff must have, as against the defendant, a present, unqualified right to the possession of the chattel, in its present form; and hence, if there be any preliminary act or condition precedent to be performed, before the unqualified right of possession attaches, the action can not be maintained.

2. *Same; when can not be maintained.*—The owner of a few of a large number of bales of cotton stored in a burning warehouse, having saved a part of the cotton, declaring at the time that if he could not hold it under the law, he would surrender it on being paid for his labor and expense in saving and baling it, and the warehouseman, with knowledge of the services and of the terms on which they were being rendered, having assented thereto, or acquiesced therein, this constituted a contract between the parties, entitling the person rendering the services, the cotton not being identified as his own, to payment for his labor and expense in saving and baling the cotton, and to its possession until he was paid; and to enable the warehouseman to maintain detinue against such person for the recovery of the cotton so saved and baled, he must first pay or tender the value of the services performed, and the amount of expenses incurred in saving and baling the cotton.

3. *Same; when can be maintained.*—But if the warehouseman objected to the services tendered and performed, and did not afterwards expressly or impliedly assent to the terms proposed, then there was no contract between the parties, and a payment or tender of the value of the services performed, and of the expenses incurred in saving and baling the cotton

[Seals v. Edmondson.]

was not necessary to enable him to maintain detinue for the recovery of the cotton.

4. *Same; what not sufficient evidence of title to defeat.*—The fact that the party rendering such services owned twelve out of seven hundred and fifty bales of the cotton stored in the warehouse, unidentified cotton enough to make fourteen bales only having been saved from the fire, does not of itself tend to prove that any part of the cotton saved by him was his property.

5. *When general charge on effect of testimony erroneous.*—Where the testimony in a cause is neither very clear nor free from conflict, a general charge on its effect is not authorized.

6. *When charge presumed to have been requested in writing.*—This court will presume that a general charge in favor of the appellee was requested in writing, on the mere failure of the record to affirm that a request therefor was preferred in writing.

APPEAL from Barbour Circuit Court.

Tried before Hon. H. D. CLAYTON.

This was an action brought under the statute by R. Q. Edmonson against D. M. Seals for the recovery of four bales of cotton, and was commenced on 28th April, 1881. As shown by the evidence, a warehouse in the city of Eufaula, owned and operated by the plaintiff for the storage of cotton, containing about seven hundred and fifty bales of cotton, was, on 25th December, 1880, with all the cotton stored therein except about fourteen bales, destroyed by fire. Of the cotton stored in the warehouse at the time of the fire, the defendant owned twelve bales, for which he had the plaintiff's receipt as warehouseman. The fourteen bales which were saved "were left by the fire in an undistinguishable mass, consisting of parts of bales and loose cotton, four bales of which [the cotton sued for] were gathered up by direction of the defendant, and the fire in said cotton was by him extinguished;" and this cotton was in the possession of the defendant at the time this suit was brought. The circumstances under which the cotton was saved, necessary to an understanding of the points decided, are sufficiently stated in the opinion. The defendant offered testimony tending to show that "the labor and expense in saving and baling said four bales of cotton were worth sixty dollars." It is not shown that the plaintiff paid or tendered this or any other amount to the defendant before commencing his suit. The court charged the jury, that if they believed the evidence, they must return a verdict for the plaintiff, and the defendant excepted. The bill of exceptions does not show that this charge was requested by the plaintiff. The giving of this charge is here assigned as error.

WATTS & SONS, for appellant. (1) The record fails to show that the charge given was requested by the plaintiff. Without such request, the court had no right to give the charge.—Code

[Seals v. Edmondson.]

of 1876, § 3028; 65 Ala. 475; 50 Ala. 149; 64 Ala. 240; 63 Ala. 432. (2) There was a conflict in the evidence, and the giving of the charge was erroneous for that reason.—57 Ala. 253; 54 Ala. 161. (3) The evidence shows a confusion of goods by accident; and in as much as it is shown that the defendant had twelve bales of cotton in the warehouse, he became part owner of the four bales saved, to the extent his twelve bales bore to the whole number destroyed.—Story on Bail. § 40, and authorities cited in note 5 on page 50; *Ryder v. Hathaway*, 21 Pick. 304; *Low v. Martin*, 18 Ill. 286; *Moore v. Erie R. Co.*, 7 Lansing, 39. As in detinue the evidence must show that the plaintiff has the whole legal title (1 Brick. Dig., p. 572, § 6), it follows that the plaintiff can not maintain this suit. (4) The plaintiff did not offer to pay the defendant his reasonable compensation for saving the cotton. The latter had the right to retain possession until he was paid or tendered such compensation.—2 Kent's Com. m. p. 365.

G. L. COMER, *contra*. (1) The plaintiff, being bailee of the cotton, had the right to the possession of it against all persons except his bailor; and, as such bailee, he had the right to maintain this suit.—1 Brick. Dig., p. 572, §§ 7, 8, 9. (2) The action can not be defeated by defendant by setting up title in some other person without connecting himself with that title.—1 Brick. Dig., p. 574, § 48. (3) The law gave the defendant no lien for saving the cotton, and no lien by contract was proved.

STONE, J.—This is a statutory action for the recovery of chattels in specie—very like the common law action of detinue. On all questions material to be here inquired into, it is governed by the same rules as those which obtain in the action of detinue. In fact, it is the common law detinue, with some statutory additions. One controlling principle, in this form of action, is, that to maintain it, the plaintiff must have, as against the defendant, a present, unqualified right to the possession of the chattel, in its present form. If there be any preliminary act, or condition precedent to be performed, before the unqualified right of possession attaches, then detinue can not be maintained.—1 Brick. Dig. 572, §§ 6, 8, 9.

The testimony showing the circumstances under which the appellant gathered up and baled the waste cotton, left by the fire, is neither very clear, nor very harmonious. One phase of the testimony, at least, tends to show that appellee, plaintiff below, was present and cognizant of the services being rendered by appellant in saving the cotton; that appellant stated he intended to hold the cotton for himself, if he could; and if he could not hold it under the law, then he would surrender it on being paid

[Seals v. Edmondson.]

for his labor, trouble and expense in saving and baling it ; that appellant and the attorney of the insurance companies, interested in the saving of as much as nine-tenths of all the cotton destroyed by the fire (some 700 bales), agreed to these terms ; that both appellant and the said attorney informed plaintiff—appellee—of this agreement, and that he expressed no objection. The law frequently implies contracts from the conduct of parties. If one perform useful services and works for another, of a character that is usually charged for, with the knowledge of that other, and he express no dissent, or if he avail himself of the services, then the law implies a promise to pay for such services what they are reasonably worth. And assent is sometimes implied from silence. When the conduct of the parties is ambiguous, or the testimony conflicting, it is always a question for the jury to determine whether or not there was a mutual agreement, or understanding. No matter what of dissent plaintiff may have first expressed, if he finally, while the work was progressing, acquiesced in appellant's offer, if he made it, that if he, appellant, could not hold the cotton under the law, then he was to be paid for his expense, labor and services incurred and employed in saving and baling the cotton, this constitutes a contract. On the other hand, if appellee objected to the services tendered and performed by appellant, and did not afterwards expressly or impliedly assent to the terms proposed, if terms were proposed, then there can be no proper finding that there was a contract to pay appellant for his services and expenses. No man, except in specially exceptional cases, can be made another's debtor against his will. This is a question peculiarly for the jury, under the rules above declared.

If the jury find there was an express or implied agreement, such as is referred to above, then plaintiff, appellee, did not have a present, unconditional right to the four bales of cotton. To give him such right, he must have paid or tendered to the appellant the value of the labor and expense he had bestowed in and about saving and baling the cotton. If, under the rules above, there was no agreement, express or implied, to pay for the labor and expenses, then no payment or tender was necessary. Appellant could not force appellee to become his debtor. If the jury find there was such agreement to pay, express or implied, then plaintiff can not maintain detinue on the proof in this record. He must bring some other action, or show payment or tender before action brought of appellant's proper charges.

The testimony in this case did not authorize the general charge on its effect. It was neither very clear, nor free from conflict. The objection that the record fails to show the court

was requested in writing to give this charge, is without merit. We presume the court did its duty and obeyed the statute.—1 Brick. Dig. 335, §§ 2, 3, 4, 5.

The plaintiff having the lawful possession of the cotton as warehouseman, had such a qualified right to it as that, in the absence of other facts, he could sue and recover against one found in possession of it, and not showing a better title. The fact that appellant owned twelve of the seven hundred and fifty bales that were in the warehouse when it was burned— waste cotton enough to make fourteen bales only being saved —did not of itself tend to prove that any part of the four bales saved·by him contained any of his cotton. The possibilities are too remote, and the chances too uncertain, to be made the basis of judicial action.

Reversed and remanded.