# Snellgrove *v.* Evans.

## *Detinue.*

(DECIDED APRIL 5, 1906, 40 So. REP. 567.)

1. *Fraudulent Conveyances; Mortgages to Secure Preexisting Debt; Bona Fide Purchaser.*—One having a pre-existing debt, who definitely extends the time of payment of same in consideration of the debtor securing same by note and mortgage, and who has no notice, at the time of the execution of the note and mortgage, of the existence of a lien on the property conveyed, is a *bona fide* purchaser, for value, and the title thus acquired superior to that of the lien.

2. *Same; Evidence; Sufficiency.*—An admission made by the mortgagor to a third person, at the time he executed the mortgage, that he owed the debt secured by the mortgage, is not

[Snellgrove v. Evans.]

sufficient to prove the debt, being entitled to no more weight than such a recital in the mortgage.

3. *Detinue; Defenses.*—A mortgagee, whose mortgage is subsequent to the acquirement of a lien, and who fails to show that his mortgage was given for a valuable consideration, is defeated, in an action of detinue, by proof of defendant's prior lien coupled with defendant's possession of the property.

4. *Same; Evidence; Admissibility Under General Issue.*—It is competent in an action of detinue, to show that defendant's possession is not wrongful, and that plaintiff is not entitled to immediate possession, under the plea of the general issue.

5. *Pleading; Necessity of Special Plea; Waiver.*—Where the plaintiff failed to object to the introduction of evidence of defendant's lien, under the general issue, he impliedly waived the necessity of setting up the defense by special plea.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

This is a suit in detinue begun by John Evans against J. E. Snellgrove to recover two horses belonging to P. H. Snow before his death. The facts are that Snow came to the office of Evan's attorney in Albertville and executed a note and mortgage to Evans upon the horses involved in the suit. The attorney of Evans had an account against Snow past due in favor of Evans, and Snow executed a note and mortgage to secure the account and extend the time of its payment. At the time the mortgage was executed, the horses were hitched in front of the attorney's office having been driven there by Snow. The only proof of the debt offered by plaintiff was Snow's admission that the account was correct and the fact that he executed the mortgage to secure it. The evidence for the defendant showed that prior to the time of the execution of the mortgage and subsequent thereto, that these horses had been in the stable of defendant who was a livery stable keeper for hire, and who had kept and fed said horses for a considerable length of time at Snow's instance and request. That after Snow's death, the account was presented to his administrator, who failed for more than ten days to pay it, whereupon Snellgrove advertised under Section 3074 of the Code of 1896, the two horses for sale in satisfaction of his livery lien. It

was admitted that the defendant was in possession of the horses at the time of the bringing of the suit. The court gave the affirmative charge for the plaintiff.

STREET & ISBELL, for appellant.—The plaintiff failed to show that the debt evidenced by the mortgage was just and bona fide, which burden was upon him in this case.—*Penny v. McCullough*, 134 Ala. 589; *Barton v. Barton*, 75 Ala. 400; *Hubbard v. Allen*, 59 Ala. 296; *Buchanan v. Buchanan*, 72 Ala. 55. The appellant's lien for the keep and feed of the team was not lost by a temporary parting with the custody and possession of the same, in the absence of the intervention of a bona fide purchaser.—Section 2774 of the Code; Acts 1898-9, p. 39. The lien being coupled with the possession and the right to possession will defeat detinue.—*Gafford v. Stearns*, 51 Ala. 434; *Bryan v. Smith*, 22 Ala. 534; *Berlin Machine Works v. Alabama Co.*, 112 Ala. 488. It is not necessary that the defense of the lien should have been specially pleaded. Any evidence negativing defendant's wrongful possession and the plaintiff's right of possession is competent under the general issue.—*Foster v. Chamberlain*, 41 Ala. 167; *Carlisle v. Banks*, 122 Ala. 446; *Berlin Machine Works v. Alabama Co., supra*. The plaintiff waived filing the special plea in not objecting to the matters litigated.

GOODHUE & BLACKWOOD and E. O. McCORD, for appellee.—The record does not affirmatively show nor does the bill of exceptions disclose that Snellgrove purchased the horses under the sale under his lien, and for aught that the court can know, Snellgrove's possession was not rightful. Justification under the lien was matter for special plea.

ANDERSON, J.—This was an action of detinue, brought by the plaintiff, a mortgagee, for two horses in the possession of the defendant, who claimed them under a liveryman's lien, as given by section 2774 of the Code of 1896, as amended by Acts 1898-99, p. 39. The plain-

tiff proved without dispute, by McCord, that he had in his hands for collection against Snow, the owner of the horses, a past-due account, which the said Snow admitted to be correct and gave a note and mortgage in settlement thereof, dated September the 19th and payable November 1, 1903. The proof also showed that the horses were not in the stable or possession of the defendant at this time, and there was no evidence to charge the plaintiff with any notice of defendant's lien. If the plaintiff had an existing debt, and the time of its payment was definitely extended in consideration of the giving of the note and mortgage, and he had no notice of defendant's lien, he would be a bona fide purchaser, and his title would be protected as against the claim of the defendant.—*Randolph v. Webb*, 116 Ala. 135, 22 South. 550; *Whitfield v. Riddle*, 78 Ala. 99; *Thames v. Rembert's Adm'r.*, 63 Ala. 561; *Cahalan v. Monroe*, 56 Ala. 303.

The appellant contends that it was incumbent upon the plaintiff to prove a valuable consideration, and that he failed to do so. We are aware of the rule that, when the debt or demand of a creditor is prior in date of existence to a conveyance by the debtor, or to a conveyance, the consideration of which proceeds from him, the burden of proving a valuable consideration for the conveyance, when the creditor assails its validity, is cast upon the grantee, and, if the consideration of the conveyance is averred to be a debt of the grantor, the existence and validity of such debt must be proved.—*Buchanan v. Buchanan*, 72 Ala. 55; *Hamilton's Adm'r. v. Blackwell*, 60 Ala. 545. "The rule of proof as to bona fide purchase is that the party pleading it must first make satisfactory proof of purchase and payment. This is affirmative defensive matter, in the nature of confession and avoidance, and the burden of proving it rests on him who asserts it." This done, he need go no further than prove he made such purchase and payment without notice.—*Barton v. Barton*, 75 Ala. 400. Neither will the mere recitals of the conveyance establish the consideration, which must be established by proof independent of said recital or dec-

[Snellgrove v. Evans.]

laration. The declaration or admission of Snow, the mortgagor, made to McCord when the mortgage was executed, was not sufficient to prove the consideration of the mortgage, and was entitled to no more weight than a similar recital in the note and mortgage. The plaintiff having a mortgage subsequent in point of time to defendant's lien, and failing to show that his mortgage was for a valuable consideration, the defendant's lien, coupled with the possession of the property, was sufficient to defeat plaintiff's recovery.—*Gafford v. Stearns*, 51 Ala. 434; *Bryan v. Smith*, 22 Ala. 534.

The gist of the action of detinue is the defendant's wrongful possession and the plaintiff's right to immediate possession, and evidence negativing either of these facts is competent under the general issue.—*Foster v. Chamberlain*, 41 Ala. 167; *Carlisle v. Bank*, 122 Ala. 446, 26 South. 115; *Berlin Works v. Ala. Co.*, 112 Ala. 488, 20 South. 418. Besides, it clearly appears from the record that the defendant's lien was proved without objection under the general issue, which was an implied waiver of a special plea.—*R. & D. R. R. v. Farmer*, 97 Ala. 141, 12 South. 86.

Under the proof as disclosed by the record, the defendant was entitled to the general charge, and the court erred in refusing the same, and in giving the affirmative charge for the plaintiff.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.