. [Johnson v. New Enterprise Company.]

# Johnson *v.* New Enterprise Company.

### *Trial of Right of Property in Detinue.*

(DLecided Dec. 16, 1909.   50 South. 911.)

1. *Detinue; Claim by Third Person; Proceeding.*—Under the provisions of section 3792, and 6093, Code 1907, a landlord claiming a lien on crops grown on his premises, can not interpose his claim in an action in detinue brought by the holder of the legal title conveyed by the mortgage made by the tenant on the crops, it not being contemplated that a mere lienor should be a claimant in a detinue suit.

2. *Same; Title and Right to Possession of Premises.*—A plaintiff in detinue must show a general or special property right in the chattel in controversy and that he is entitled to the immediate possession thereof; a lienor or other equitable owner has no such title as will sustain detinue.

3. *Attachment; Nature of Remedy.*—A plaintiff in attachment seeks to subject a chattel to the satisfaction of his demands and invokes judicial power to convert the chattel into a means of satisfaction thereof alleging that the title of the chattel is in another but is subject to the satisfaction of his lien.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by J. B. Vinson, doing business as the New Enterprise Company, against J. L. Jay and another, doing business as the Farmers' & Merchants' Warehouse, in which D. F. Johnson interposed a claim to the property. From a judgment for plaintiff, claimant appeals. Affirmed.

The plaintiff claimed under a mortgage executed to it by E. B. Hughes in January, 1907, conveying the crops raised by him during that year. It was shown that the cotton was raised by Hughes and placed in the warehouse of defendant, on whom demand was made before suit was brought for the possession of the cotton. It was shown that E. B. Hughes raised the cotton, rented the land on which the cotton was raised from

[Johnson v. New Enterprise Company.]

D. J. Johnson, and a mortgage was given by Hughes to Johnson in January, 1907; but it fails to appear that the Johnson mortgage was. recorded, though the mortgage given the New. Enterprise Company was recorded. The contention of the claimant was that his landlord lien was superior to any outstanding mortgage or other liens.

ESPY & FARMER, for appellant.—It is not necessary that a claimant claiming property for which detinue is brought should have such a legal title to the property as would authorize him to bring or defend a suit in detinue before he can interpose the claim.—Sec. 6039, Code 1907; Sec. 3792, Code 1907; *Ballard v. Mayfield,* 107 Ala. 396; *Shows v. Brantley,* 127 Ala 352; *Tapsico G. Co. v. Ballard,* 107 Ala. 710.

W. L. LEE, for appellee.—The legislature not having prescribed or set forth the character of liens, or authorized the filing of the claim based upon a landlord's lien, in claim suits where detinue is brought for property, such liens or claims will not support a claim in such a case.— Sec. 3792, Code 1907; *Columbus I. W. Co. v. Renfroc,* 71 Ala. 577; *Abraham v. Carter,* 53 Ala. 8; *Jackson v. Bain,* 74 Ala. 328; *Treadway v. Treadway,* 56 Ala. 390; *Starnes v. Allen,* 58 Ala. 316; *Boswell v. Carlisle,* 55 Ala. 554. In attachments and suits of that character, the allegation is that the title to the property is in another but subject to the satisfaction of the attachment lien, while in detinue the allegation is that the plaintiff has a general or special property right in the chattel, and the right to the immediate possession thereof, hence, equitable liens might defeat the one but would be no defense to the other.

McCLELLAN, J.—Counsel, in briefs, have reduced controlling inquiry on this appeal to the single question: May a landlord lienor be a claimant in a trial of the right of property, and prevail thereupon, in an action of detinue instituted by an holder of the legal title, conveyed by mortgage, of crops grown upon the rented premises? As appears, the inquiry involves a construction of Code 1907, §§ 3792, 6039.

The latter section (6039) contains the statute as written in the Code of 1886 and also the amendment thereof by the act approved February 28, 1887 (Acts 1886-87, p. 150), by which it was enacted that the "right of the trial to property shall (should) include any person who holds a lien or equitable title to such property." Theretofore, of course, the right to try the property in the personalty did not extend to lienors thereof or to those possessing equities therein. With this status existing, the former statute (section 3792) was enacted in 1889 (Acts 1888-89, p. 57), and became section 1484 of the Code of 1896. By the letter of section 6039, it applies only to personal property levied on under writs of execution or of attachment. In the last phase of section 3792 it is provided: "And thereupon the same proceedings must be had as in other trials of the right of property." Accordingly, the final inquiry, on construction looking to the ascertainment of the legislative intent, is whether the quoted provision effected to confer upon a lienor or equitable claimant of personal property, for the recovery of which an action of detinue has been instituted, the right to invoke the court's determination of the rights thereto between the plaintiff and such lienor or equitable owner.

So far as the letter of the statute is concerned, it is apparent that "proceedings" is the key word in the statute on this occasion. If that word was employed

30—163

with the purpose of expressing the legislative intent to confer on lienors or equitable owners the substantive right of contest created after the amendment, made in 1887, of the trial of the right of property statute, then, and of course, the court below ruled incorrectly in denying appellant's right to contest, in virtue of sections 3792 and 6039, the right to the chattels in question. On the other hand, if such was not the legislative purpose, as expressed by the provision quoted, the court's action was correct. A careful reading of the statute does not discover to us any indication of legislative purpose to use the word "proceedings" in any other sense than in common legal parlance it has. In that parlance "proceedings" usually signifies form, manner, or mode. It tokens a means, an instrument.—6 Words and Phrases, p. 5632 et seq, and decisions therein cited. Giving it that meaning, as must be done we think, the scope of the provision quoted finds its limit of intended effect in the form or mode of trial or practice, such as, among others, the formulation of the issue and burden of proof.

Leaving out of view the letter of the statute (section 3792), and omitting the controlling and indicated significance the word "proceedings," we cannot avoid the conclusion that the difference between the two classes of plaintiffs, one in execution or attachment, and, on the other hand, one seeking the recovery of the property in specie, afford strong reason to incline to the view that the Legislature, not having expressly conferred the right of trial of property on lienors or equitable owners, as it might, of course, have readily done, did not contemplate the effect appellant earnestly contends was intended by the lawmakers. In both acts of enforcing rights through writs of execution and attachment the plaintiff's attitude and insistence is, and must be,

that the property right in and the right to the possession
of the personalty is not primarily in him, the plaintiff.
In the detinue suit the plaintiff's attitude and insist-
ence is, and must be, that he has a property right, gen-
eral or special, in the chattel, and is entitled to take
immediate possession thereof. In the former suit the
actor's effort is to subject the chattel to the satisfaction
of his demand, and in the latter the effort is to obtain
possession of the chattel. In one the possession, as be-
tween the parties litigant, is the point of contention,
and in the other judicial power is invoked, not to trans-
pose the possession between the parties, but to convert
the chattel into a means of satisfaction of a demand.
In the light of these very different objects and effects,
it is evidently more rational to conclude that the Leg-
islature would allow the opposition of a lien or other
equity to the subjection of the chattel through writ of
execution or of attachment, than it would authorize the
opposition of the lien or equity, in an action at law, to
a detinue plaintiff's claim to the chattel itself. Fur-
thermore, a lienor or other equitable holder has no such
title as would sustain detinue, and a system, at law,
would be at least incongruous that permitted one whose
title was not sufficient to maintain detinue to defeat an
action by one whose right to the possession of the chat-
tel was superior. No irrational result follows this con-
clusion, for the landlord's superiority of right to have
his demand satisfied out of the crop is not impaired,
nor the certainty of its effectual enforcement jeopard-
ized or impeded, whatever the adjudication between the
mortgagee and mortgagor in the detinue suit to which
they are parties.

The court below applied the law, in this particular,
as we understand it, and the judgment is affirmed.

Affirmed.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.