(114 So. 677)

## ISBELL–HALLMARK FURNITURE CO. v. SITZ. (7 Div. 698.)

Supreme Court of Alabama.    April 28, 1927.

**1. Landlord and tenant ☜248(1)—Amendment to Code relating to validity of unrecorded conditional sales contracts held to extend protection of recording act to "landlords with liens" (Amendment of Code 1907, § 3394, Code 1923, §§ 6898, 8814).**

Amendment of Code 1907, § 3394, declaring unrecorded conditional sales contracts void as against purchasers for value, mortgagees, and judgment creditors without notice, by addition of the words "landlords with, liens," contained in Code 1923, § 6898, had the effect of bringing landlords entitled to liens, under section 8814, within the protection of the recording statute, along with the others named.

**2. Landlord and tenant ☜248(1)—"Landlords with liens," as used in statute, means those who, but for statute, would have held liens on property of tenant (Code 1923, § 6898).**

The words "landlords with liens," used in Code 1923, § 6898, relating to validity of unrecorded conditional sales contracts, as against purchasers for a valuable consideration, mortgagees, judgment creditors, and landlords with liens, mean those who, but for the conditions avoided by the statute, would have theretofore held liens on the property as that of the tenant.

Certiorari to Court of Appeals.

Action between the Isbell-Hallmark Furniture Company and Frank Sitz. On petition of the latter for certiorari to review and revise judgment and decision of the Court of Appeals (114 So. 675). Writ granted, and cause remanded.

See, also, post, p. 51, 114 So. 678.

Hood & Murphree, of Gadsden, for appellant.

By express terms of the statute the contract of sale was void as to the landlord, so far as the retention of title was concerned, and as to him the title was in the tenant because of the failure to record the paper. The landlord had a lien on the property for rent. Code 1923, §§ 6898, 8814; Leader v. Romano, 208 Ala. 635, 95 So. 7. The change in the statute (Code 1907, § 3394) effected to bring landlords with liens upon an equality with purchasers for value, mortgagees, and judgment creditors. Brunswick Co. v. Starnes, 214 Ala. 263, 107 So. 743; Brooks v. Dial, 214 Ala. 267, 107 So. 744.

. Culli, Hunt & Culli, of Gadsden, for appellee. .

The statute limits the lien of the landlord to the property of the tenant, and does not purport to give a lien on the entire interest. The landlord [petitioner] was therefore chargeable with notice, as matter of law, that his lien was upon a mere inchoate interest, and that title of the tenant could only be perfected by compliance with the contract. Code 1923, § 8814. The reservation of title is more than a lien in the holder, and is incompatible with the idea of a security for debt. Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 946; Bishop v. Minderhout, 128 Ala. 162, 29 So. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134. The recording statute did not give additional rights to the landlord, but confined his lien to property owned by the tenant. Code 1923, § 6898. The comments in Brunswick Co. v. Starnes, 214 Ala. 263, 107 So. 743, and Brooks v. Dial, 214 Ala. 267, 107 So. 744, upon the change in the recording statute, were dicta.

BOULDIN, J. [1] Code of 1907, § 3394, declared:

"All other contracts for the conditional sale of personal property, by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession * * * are, *as to such condition*, void against purchasers for a valuable consideration, mortgagees and judgment creditors without notice thereof, unless such contracts are in writing and recorded [etc.]." (Italics supplied.)

Under this statute the landlord's lien upon the goods of the tenant of a dwelling or storehouse, given by Code of 1907, § 4747 (Code of 1923, § 8814), was not protected. Alford v. Singer Sewing Machine Co., 17 Ala. App. 325, 85 So. 584; Ex parte Alford, 204 Ala. 697, 85 So. 921.

Thereafter, in bringing forward section 3394, Code of 1907, it was amended so that along with purchasers, mortgagees, and judgment creditors are included "landlords with liens." Code of 1923, § 6898. The effect of this amendment was to bring landlords, entitled to liens under section 8814, within the protection of the recording statute along with purchasers, mortgagees, and judgment creditors without notice.

True, section 6898 does not define the landlord's lien, nor purport to extend it to other than the title and interest of the tenant in the goods enjoying the protection of the premises during the tenancy, but it does define the title of the tenant as between the landlord and conditional vendor, strikes down the condition of the sale, and makes it absolute in the tenant as between the parties named therein until the conditional sale contract is put to record carrying constructive notice of the vendor's title.

[2] "Landlords with liens" are those who, but for the conditions avoided by the statute, would have theretofore held liens upon the property as that of the tenant.

One of the primary purposes of the amendment to section 6898 was the protection of landlords holding liens, under section 8814, against unknown and unrecorded conditional sale contracts. This view has already been expressed in Brooks v. Dial, 214 Ala. 267, 107 So. 744, and Brunswick-Balke Collender Co. v. Starnes, 214 Ala. 263, 107 So. 743. These cases, it is true, recognized that the amendment to section 6898 was not involved therein, but the statute was mentioned to differentiate the cases and avoid misapprehension of the opinions rendered. We now approve and follow these cases as to the effect of the amendment.

In view of the facts of the case stated in opinion of the Court of Appeals, we take occasion to say this decision is limited to the question presented. Whether the priority given to landlords in such cases extends to unaccrued rents, all rents for which the landlord is given a lien as against the tenant, or is limited to the rents accrued to the time he receives actual or constructive notice of the vendor's conditional title is of real importance in the construction of these statutes. Not being presented on this certiorari, we announce no opinion.

Writ of certiorari granted, cause remanded to the Court of Appeals.

All the Justices concur.