(127 So. 241)

### LA RUE v. LOVEMAN, JOSEPH & LOEB.

### 6 Div. 336.

Supreme Court of Alabama.
April 25, 1929.

See, also, La Rue v. Loveman, Joseph & Loeb, post, p. 677, 127 So. 243.

Theodore J. Lamar, of Birmingham, for appellant.

W. H. McGowen, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

FOSTER, J.

In an action of detinue by a conditional vendor of personal property against a landlord who had a lien on the property, and had taken peaceable possession of it after the tenant (purchaser) had abandoned it, the Court of Appeals sustained the right of recovery by the vendor, assuming that there was no sufficient notice of the vendor's conditional sale, either by recording the instrument or otherwise, upon the theory that because the landlord possessed only a lien, which had not ripened into a title, he could not resist the claim of the vendor, because he had no sufficient property right on which to predicate such defense.

We think that in taking this position, the Court of Appeals does not give effect to principles which we think lead to a different result. Unless the conditional sale contract is duly recorded so as to give notice or the landlord acquiring a lien is otherwise notified of such conditional sale, section 6898 "strikes down the condition of the sale, and makes it absolute in the tenant" as to such landlord. Isbell-Hallmark Furniture Co. v. Sitz, 217 Ala. 3, 114 So. 677; Id., 217 Ala. 51, 114 So. 678. Assuming that the landlord has no notice of the conditional sale, as to him the title of the tenant became perfect, and the vendor ceased to have any title upon which he could maintain a suit in detinue or otherwise against the landlord. The principle is well established that a plaintiff in detinue must at the time suit is commenced have a general or special property in the article sued for, or have the legal title, and the right of the immediate possession of it. Butler-Kyser Mfg. Co. v. Cent. of Ga. R. Co., 190 Ala. 646, 67 So. 393; Griffith & Warren v. Biggers, 206 Ala. 563, 90 So. 795; Gwin v. Emerald Co., 201 Ala. 384, 78 So. 758; Whatley v. Taylor, 211 Ala. 655, 101 So. 590; Crow v. Beck, 208 Ala. 444, 94 So. 580; Johnson v. New Enterprise, 163 Ala. 463, 50 So. 911. Carrying this principle to its logical conclusion, it results from the decisions of this court that one in rightful possession of personal property with a lien on it, and not estopped to do so, may defeat a recovery in detinue by another who does not show a superior claim with the right to immediate possession. 18 C. J. 1004; Spence v. McMillan, 10 Ala. 583; Bryan v. Smith, 22 Ala. 534; McBrayer v. Dillard, 49 Ala. 174; Gafford v. Stearns, 51 Ala. 434; Seals v. Edmondson, 73 Ala. 295, 49 Am. Rep. 51; Snellgrove v. Evans, 145 Ala. 600, 40 So. 567; Rogers v. Whittle, 15 Ala. App. 550, 74 So. 96.

Here, appellee, on the assumption stated in the opinion, had parted with all title so far as the appellant, landlord, was concerned. He had no title, or any character of property right, or the right to possession, as to him, though he must base his recovery on the state of his title, and right to possession, and not on the weakness of the title of defendant.

Some reference was made in the opinion of the Court of Appeals to the record of the conditional sale contract, and the sufficiency of the description of the property in it. But as that court made no ruling respecting either subject, there is nothing to be reviewed by this court as to either of them.

For the error pointed out, the writ is awarded, and the cause is remanded to the Court of Appeals for further proceedings, including a consideration of the effect of the record of the contract and its sufficiency as notice to appellant.

Writ awarded.

All the Justices concur.