149 So. 716

### KILLIAN v. HALL AUTO CO.
#### 7 Div. 971.

Court of Appeals of Alabama.
Sept. 12, 1933.

Irby A. Keener, of Center, and Haralson & Son, of Fort Payne, for appellant.

Hugh Reed, of Center, for appellee.

BRICKEN, Presiding Judge.

There are but three assignments of error; the principal insistence being presented by assignment 3, to the effect that "the court erred in rendering judgment for the claimant."

This was an action in statutory detinue for the recovery of four bales of cotton brought by appellant as plaintiff in the court below and against Mozelle Bailey, Russell Mackey, and C. E. Smith, defendants.

Appellee, the Hall Auto Company, made claim bond and affidavit for the four bales of cotton in question, and based its right to the cotton on a certain mortgage on said cotton executed by J. W. Bailey and dated January 1, 1931. This mortgage was duly recorded in the probate office of Cherokee county, Ala., on the 2d day of January 1931.

Plaintiff, Killian, appellant, based his right to the cotton on a mortgage executed to him by Mozelle Bailey and her husband, J. W. Bailey, on the 29th day of January, 1931, and the record shows this mortgage was recorded on the 3d day of February 1931. The J. W. Bailey who executed each of the foregoing mortgages was one and the same person. J. W. Bailey was not made a party defendant in the original action by Killian.

There appears to be no dispute in the testimony that J. W. Bailey grew the cotton in controversy during the year 1931.

The cause was tried by the court without a jury, and the judgment entry discloses that only the claim suit was litigated. The trial court, after hearing the evidence and considering the case, rendered judgment for claimant, and the only question for deter-

mination was as to the legal title to the four bales of cotton. In rendering judgment for the claimant, the court committed no error. Under appellee's mortgage by Bailey, it is clear that the legal title rested in appellee, claimant. As well stated by counsel, the most that can be said as to any right that plaintiff might have had to this cotton was the result of a mortgage executed to him by the landlord. There was no delivery of the cotton to the landlord, and it is elementary that the landlord had no legal title to the crops as the title is in the tenant, and he alone can make a valid mortgage thereon, and a landlord cannot maintain detinue on his lien, his right to subject the property is by attachment and not by detinue, and the assignee of the landlord has no better or higher rights in or to the property than the landlord himself. The court below properly held that the plaintiff, appellant, had not such title by virtue of his second mortgage also signed by Bailey on which he could recover in this action. Johnson v. New Enterprise Co., 163 Ala. 463, 50 So. 911; Harris v. Neighbors, 24 Ala. App. 265, 134 So. 32; Beck v. Crow, 204 Ala. 295, 85 So. 489; Crow v. Beck, 208 Ala. 444, 94 So. 580; Hicks v. Meadows, 193 Ala. 246, 69 So. 432.

The court, as stated, rendered the proper judgment. Said judgment is affirmed.

Affirmed.