96 So.2d 432

**C. T. JOHNSON**

v.

**Louis DAVIS.**

**3 Div. 989.**

Court of Appeals of Alabama.

March 5, 1957.

Rehearing Denied April 2, 1957.

L. H. Walden and Geo. W. Cameron, Jr., Montgomery, for appellant.

Wm. J. Fuller, Jr., Montgomery, for appellee.

CATES, Judge.

This is an appeal from a nonjury judgment of the Montgomery County Circuit Court on Count 2 of the complaint, i. e., detinue by Davis for a truck which Johnson claimed was under a recorded chattel mortgage to him. The alternate value of the truck was assessed at $250 and $75 was awarded as damages for the detention of the property by Johnson, who had repossessed the truck.

The circumstances leading up to Johnson's taking the truck back were that Johnson, on June 16, 1954, by a bill of sale, which, in verbiage, is a virtual replica of a warranty deed, sold the truck to A. B. Simmons (an employee of Johnson) for $600 and by separate instrument on the same day took back a mortgage on the truck for the full amount of the purchase price. The mortgage was to secure a note payable in twelve equal monthly installments of $50 each, of which the first installment due July 16, 1954, was paid by Simmons. On July 22, Simmons, having sold Davis the truck, endorsed on the foot of the bill of sale to him from Johnson the following legend: "Sold to Lewis (sic) Davis in receipt of $200.00. A. B. Simmons Montgomery, Ala." This endorsement and the Johnson-Simmons bill of sale were given to Davis to memorialize the sale of Simmons' right, title, and interest to Davis. The evidence is undisputed that Davis had no notice of the mortgage given by Simmons to Johnson other than constructive notice arising from its having been filed on June 22 in the office of the Judge of Probate of Montgomery County. Apparently, both parties were seeking Simmons. There is no evidence to show that Simmons was acting as Johnson's agent in the sale to Davis.

The first actual notice that Davis received of this encumbrance came on September 30 when he was on his way home with his wife in the truck in the city of Montgomery. Johnson drove up behind him, blew his horn, and motioned to Davis to stop. Johnson said, "Where did you get that truck?" Davis replied that he bought it from Simmons and that he had the papers at home, to which Johnson rejoined, "This is my truck." Then Johnson ordered Davis to drive around on the next street and park the Montgomery County jail, leaving Davis the truck. This done, he then put Davis and his wife in his car and drove them to and his wife locked in the car while he went inside and stayed twenty or thirty minutes for the purpose, as Johnson testified, of talking to the sheriff. When he came out, he took the Davises back to where the truck was parked and had Davis drive it to, and leave it at, a filling station, and then carried Davis and his wife to their home.

At the Davis home, Johnson, upon examining the bill of sale and the tag receipt, told Davis "it wasn't no account." Whereupon Davis testified, " * * * I give over for white people, I am a man who respects white folks." On cross-examination Davis stated, "I turned the truck over to him. In my mind he was a white man, and I went to see a lawyer." We do not consider this a voluntary surrender of possession by Davis.

The complaint was filed on October 2.

There is no showing in the record as to whether or not Johnson exercised the power of sale contained in the chattel mortgage, which read as follows:

" * * * and the said C. T. Johnson is hereby empowered to seize said property, without process, and after giving five days' notice at three public places in the county, to sell the same at public outcry to the highest and best bidder for cash, and apply the proceeds to the discharge of said debt and cost of collection, and pay balance to * * *."

Defendant made a timely motion for a new trial, assigning, among other grounds, that the judgment was contrary to the law and to the facts in the case. The overruling of the motion and also of the cited grounds therefor were specified as error in the appellant's assignments and appropriately argued in brief. Thus, our consideration of error, if any, has been invoked.

As we understand the appellant's argument, it is based, in fine, upon the proposition that Johnson had a better title to the truck than did Davis by reason of the recorded chattel mortgage, and that the manner of Johnson's repossession should be immaterial.

Appellant concedes that, while formerly it was necessary for the plaintiff in detinue to prove that the defendant came into possession of the chattels lawfully, under the "modern" view the detention is the gist of the cause of action so that where there has been a trespass in the taking the plaintiff may waive that tort and seek return in specie. 26A C.J.S., Detinue, § 7(a); 16 Am. Jur., Detinue, Section 4.

"*Prima facie,* a mortgagee, who, after default, takes possession of the mortgaged property, and converts the same, or in any manner disposes of it, is not liable for such action. *Prima facie,* he has done only what the law allows him to do. To make him liable in such a case, it is necessary to aver and prove the act was *wrongful,* and that *damages* were sustained; and, to show damage, it is necessary to aver and prove that the property was more than sufficient to satisfy the debt secured by the first mortgage. In such case the recovery would be the difference between the value of the property and amount of the debt for which the property was appropriated under the prior mortgage." Draper v. Walker, 98 Ala. 310, 13 So. 595, 597. (Italics supplied.)

At common law detinue was a proprietary writ analogous to the writ of right for land. Pollock and Maitland, History of English Law (2nd Ed.), II 173. While available to bailees and other owners

pro hac vice, detinue nevertheless requires that plaintiff must always show a right to immediate possession, Roanoke-Goodwater Pine Co. v. Cannon, 36 Ala.App. 258, 55 So. 2d 135, and also must show a better right to possession than the defendant, if the defendant makes an issue of paramountcy. Slaughter v. Cunningham, 24 Ala. 260, 60 Am.Dec. 463; Seals v. Edmondson, 73 Ala. 295; Snellgrove v. Evans, 145 Ala. 600, at page 604, 40 So. 567, at pages 567 and 568; La Rue v. Loveman, Joseph & Loeb, 220 Ala. 2, 127 So. 241.

Here the undisputed evidence shows the August and September payments were past due which, under the acceleration clause, made the entire debt of $550 due and payable. Johnson's right of possession arose on failure of the August payment, since this operated to cumulate the entire debt and hasten maturity. Thus, where the levy of an attachment upon the mortgaged property operated, pursuant to a mortgage stipulation, as an event of default, the right to immediate possession was conferred on the mortgagee simultaneously with the levy, Dunlap v. Steele & Vandergrift, 80 Ala. 424. Here the default was subsisting at the time of Johnson's seizing the truck. When the law day of the mortgage falls, the right of possession is in the mortgagee. Title having then been merged with possession, any question of ownership must be addressed to the chancellor. Detinue was not established. Johnson's detention must be shown to be unlawful. Although Johnson's mode of taking may have been tortious, Cox v. Stuart, 229 Ala. 409, 157 So. 460, nevertheless to taint his title therefor would be trying to make a right from two wrongs.

McClure Motor Co. v. McClain, 34 Ala.App. 614, 42 So.2d 266, is cited by the appellee to negative Johnson's deriving title through Simmons' mortgage back to him on the theory that because Johnson, by giving Simmons a bill of sale with a covenant of freedom from encumbrances, is estopped to say that he (Johnson) holds a mortgage on the truck. The logical extension of this doctrine applied to conveyancing would nullify as to third parties a recorded purchase money mortgage taken by a vendor, unless a reservation such as a vendor's lien is set forth in the deed. Aside from logic, the McClure Motor case is only authority for the proposition that, where a vendor emits a bill of sale reciting payment of consideration, he is then, as to a stranger, relegated to his remedy on the bogus check, the contract of sale having become completed and discharged.

Since the court's judgment is expressly tied to the detinue count, and inasmuch as the evidence does not make a case of detinue, the cause is reversed and remanded for proceedings in conformity herewith.

Reversed and remanded.

## On Application for Rehearing

CATES, Judge.

In deference to the appellee's earnest and forceful insistence that error is with us rather than the court below, we have extended the opinion.

He says that the chattel mortgage, not having been witnessed or acknowledged, was not entitled to recordation, and, therefore, conferred no notice, citing Code 1940, Title 47, § 109. This section provides, in effect, that a conveyance not in compliance with the section loses the privileges conferred by § 104 of said title. The privileges conferred by § 104 are (1) that self-proving conveyances may be received in evidence without further proof, and (2) that of offering a certified transcript where the original has been lost or destroyed. This is not the same thing as saying that an executed chattel mortgage which is neither witnessed nor acknowledged but which has been recorded does not operate as a notice of the transfer of title to the mortgagee. Code 1940, Title 20, § 2; Bickley v. Keenan & Co., 60 Ala. 293; Foxworth v. Brown Bros., 120 Ala. 59, 24 So. 1. Under Code 1940, Title 47, § 95, the probate judge was required to admit this mortgage to record and

the filing thereunder was notice of its contents.

The fact that the instrument was not self-proving was not made an issue on the trial, and Johnson testified without objection that Simmons gave him the mortgage which had been introduced in evidence. This proof aliunde is sufficient to support its admission, Burgin v. Marx, 158 Ala. 633, 48 So. 348. Davis made no effort to refute Simmons' execution of the mortgage in question. Whether or not the instrument was self-proving is immaterial.

As we take it, the mortgage was introduced primarily to show not only the debt but also the fact of the instrument's having been filed for record in the probate office. See Code 1940, Title 7, § 409; Polytinsky v. M. F. Patterson & Son, 3 Ala.App. 302, 57 So. 130.

Further, to the question of estoppel, appellant cites Bank of Oakman v. Thompson, 231 Ala. 73, 163 So. 614, for an asserted analogy between the bank there having stamped a note and mortgage paid and Johnson having issued a bill of sale stating he had been paid in full by Simmons. The record fails to disclose that Johnson took any position that refuted the chattel mortgage. We do not see how the principle of estoppel can work in the face of a recorded chattel mortgage in the circumstances here presented. There may be other and different cases. See Fogle v. General Credit, 74 App.D.C. 208, 122 F.2d 45, 49, 136 A.L.R. 814, where an automobile dealer having mortgaged a car on a floor plan arrangement, the mortgagee was estopped to deny the dealer's right to sell—a species of informal trust wherein the mortgagee was to look to the dealer to apply the proceeds of sale to pay or keep the debt current. Hence the vendee was not required to obtain a release from the holder of the acceptance paper. The court there stated in dictum which is pertinent here:

"* * * The opportunity to investigate is the foundation of the constructive notice. When it exists unimpaired by any act of the mortgagee, the stat-

ute casts the burden of investigation upon those who may deal with the mortgagor, and their failure to make it assumes something of the quality of negligence. * * *"

Caveat emptor is the general rule of our law of sales of goods. It may be regrettable that this case can be used to illustrate the argument that in Alabama a prudent buyer of an automobile needs to obtain an abstracter's search of the probate records. Any dissatisfaction with such a system should be addressed to the Legislature. As we conceive this case, the appellant, while cast down in conversion and detinue, is on this record not without remedy in trespass.

The application for rehearing is overruled.

Application overruled.