# L. Grunewald Co. *v.* Copeland.

## *Statutory Trial of the Right to Property.*

1.  *Detinue by vendor in conditional sale; statute of limitations.*
    While to a suit of detinue by the vendor in a conditional sale, or his assignee, against the vendee or one holding

[Grunewald Co. v. Copeland.]

under him, the defendant can not, under the statute (Code, § 1478), plead the statute of limitations, still the defendant in such an action, or the claimant in the trial of the right of property arising out of such suit, may establish his rights of possession or ownership obtained by virtue of the statute of limitations, under the plea of the general issue, or any issue which comprehends the fact of owner-ship.

2. *Same; same; claim suit; ruling upon pleadings.*—In a claim suit growing out of an action of detine brought by the ven-dor in a conditional sale against one claiming under his vendee, a special issue setting up the statute of limitations is inappropriate and can not be interposed; but the over-ruling of a demurrer to such special issue is error with-out injury when under the issue made on claimant's asser-tion of ownership the claimant can establish the fact of ownership as established by the statute of limitations.

3. *Same; claim suit; when title vested by adverse possession.* In a claim suit growing out of an action of detinue brought by the assignee of a vendor in a conditional sale against one claiming under his vendee, to recover the possession of a piano, testimony showing that after default in the payment of one of the installments of the price of the piano, which gave the vendor the right to re-take the prop-erty, the vendee mortgaged the property to a third person, who thereafter foreclosed said mortgage and became the purchaser of said property, and that 'the claimant derived title from such purchaser under the mortgage, and more than six years had elapsed since the foreclosure sale be-fore the institution of the action of detinue, and the pur-chaser and those claiming under him had claimed to own the property, is admissible in evidence; since under such facts the ownership of the property sued for became divested out of the original vendor in the conditional sale and be-came vested in the claimant.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

The appellant, L. Grunewald Company, limited, in-stituted on June 25, 1898, an action of detinue against John R. Copeland to recover the possession of a piano. The appellee, Susie Copeland, on July 2, 1898, inter-posed a claim to the piano sued for. Upon this claim the statutory trial of the right of property was had. The

claimant joined issue upon the tender of issue made by the plaintiff, and also filed a plea of the statute of limitations of six years. The plaintiff moved the court to strike the plea of the statute of limitations from the file, upon the ground that the statute of limitations of six years was no answer to the cause of action. The court overruled this motion, and the plaintiff duly excepted. Thereupon the plaintiff demurred to the plea of the statute of limitations of six years upon the ground that it constituted no ground to the cause of action and was no defense to the maintenance of the pending suit. This demurrer was overruled.

On the trial of the cause it was shown that on June 10, 1886, Louis Grunewald delivered to one M. R. Simmons the piano involved in the present suit under a conditional sale, which was evidenced by a written contract signed by said Simmons. Under this contract the said Louis Grunewald reserved title to the said piano until all of the purchase price had been paid. It was shown that Louis Grunewald was succeeded in business by Louis Grunewald & Co., and Louis Grunewald & Co. was succeeded in business by the present plaintiff, and that all of the accounts and claims of Louis Grunewald passed to each of the succeessors, respectively, and that at the time of the institution of the present suit the plaintiff was the owner of the claim against Simmons, as evidenced by said conditional sale and contract. It was further shown that there was a balance due upon the purchase price of the piano.

The claimant testified that the piano involved in the suit was given to her by her mother, Susan Lunsford, in the spring of 1894; that her father, George Lunsford, purchased the piano at an auction sale on June 9, 1892, and took possession of it and held it as his own up to the time of his death on May 3, 1893, and that his widow, Susan Lunsford, continuously remained in possession of the piano after his death, until the latter gave it to the claimant, and that since the spring of 1894 it has remained in the possession of the claimant, who claimed to own it. Other witnesses introduced testified to the same facts. It was further

shown that said piano was sold under the provisions of a mortgage executed to George Lunsford by Emma Simmons, and at this sale, which was held on June 9, 1892, said Lunsford became the purchaser of the piano.

The plaintiff objected to the introduction of all of the claimant's testimony, which tended to show that the claimant had been in possession of the piano for more than six years, and also all the testimony relating to the sale of said piano and the purchase of it and possession of it by the claimant, her mother and her father, upon the ground that such testimony was immaterial, irrelevant and illegal. The court overruled each of these objections, and to each of such rulings the plaintiff separately excepted.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for the claimant, to the rendition of which judgment the plaintiff duly excepted. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

Von L. Thompson, for appellant, cited Code, §§ 1478, 2793; *Strauss v. Schwab*, 104 Ala. 669; *Ware v. Curry*, 67 Ala. 274; *Jones v. Jones*, 18 Ala. 248; 13 Am. & Eng. Ency. Law, 693, 704.

No counsel marked as appearing for appellee.

SHARPE, J.—As applied to suits for personal property adversely held, the statute of limitations does not affect the remedy merely, as in suits for debts, but it acts on the title, operating to transfer it to the possessor. *Jones v. Jones*, 18 Ala. 248. Therefore, the possessor may establish his rights obtained through the statute, under any issue which comprehends the fact of ownership without pleading the statute specially. The special issue setting up the statute of limitations in this case was covered by the issue made on claimant's assertion of ownership, and might well have been dispensed with. But in no way could the presence in the record of the

[Grunewald Co. v. Copeland.]

special issue have been prejudicial to the plaintiff, and, therefore, the overruling of the demurrer to, and motion to strike that issue, is not cause for reversing the judgment.

By the statute which provides in detinue, for discharging the property from debts of mortgagees and conditional vendors, the statute of limitations is excepted from the defenses which may be made to defeat such debts.—Code, § 1478. The statute, however, neither purports nor intends to prevent the operation of the statute upon the title to the property nor to affect the possessor's right to defend the title he may have acquired by holding for the period which bars adverse claims.

The statute of limitations runs only where there is an adverse holding. The possession of one obtained by consent of another who is the owner, becomes adverse only when it becomes antagonistic to the owner's rights. *Lucas v. Daniel,* 34 Ala. 188. That condition may arise when the possessor converts the property as by disposing of it unlawfully.—Angel Lim., 325. It has been held that a conditional vendee's holding becomes adverse by continuing after default in paying instalments of price where such default gave the vendor right to retake possession.—*Barton v. Dickens,* 48 Penn. St. 518.

In the present case the piano sued for was sold upon condition which left in the plaintiff's tranferor title, together with the right to retake the property on default in payment of any instalment of price. Not only did such default occur, but the vendee of his own accord mortgaged the property to a third person who thereafter in foreclosing advertised, sold and bought it. The evidence shows that ever since the foreclosure sale which was more than six years before this suit was brought the property has been in the possession, first of the purchaser at the foreclosure sale, and thereafter successively of those claiming under or through him including lastly the claimant, without any fraudulent concealment on their part so far as appears. This evidence was relevant to show and had the effect of showing that at least from the time the mortgagee took possession under his purchase the property has been held adversely to the

plaintiff's claims and that its ownership has vested in the claimant.

Judgment affirmed.