The Hooven, Owens, Rentschler Company, Appellant, v. City of Atlantic, in Cass County, Iowa, and Jos. A. Bortenlanger, doing business as Joseph A. Bortenlanger Company, Appellees.

Replevin: FIXTURES: CONDITIONAL SALE: INNOCENT PURCHASER: PRIORITY OF RIGHT. Where a vendor sold machinery with the understanding that it was to become attached to and made a part of the realty, and when so attached could not be removed without injury, he thereby placed it in the power of the vendee to so attach it and to sell or mortgage the same; and as against an innocent purchaser without actual notice of the reserved title the vendor must suffer, upon failure of the vendee to pay the purchase price.

Same: INSTRUCTIONS. In an action of replevin against the vendee of machinery which was sold the vendor for installation in an electric light plant, an instruction that the burden was on the vendee to prove each of the several elements of the defense that it was a *bona fide* purchaser without notice, unless as to any one of such elements there was an entire failure of proof or uncontradicted evidence against defendant's right, was not objectionable because omitting certain elements of plaintiff's case.

Same: BONA FIDE PURCHASER: EVIDENCE. Where the evidence was in conflict on the question of whether the vendee had notice, at a time when it would be affected by notice of the original owner's reservation of title to the machinery in question, the issue of notice was for the jury.

Same: FIXTURES: USE: .INTENTION OF SELLER. The question of whether a stationary engine sold for installation in a lighting plant became a fixture, and was therefore not subject to replevin by the original vendor as against a purchaser from the vendee, was not affected by any undisclosed intention of the original vendor as to the use to which the engine was to be put, where the purchaser's apparent ownership and control was such as to presumptively fix the title in him.

Conditional sales: FIXTURES: RIGHTS OF SUBSEQUENT PURCHASER. Where the contract of sale of machinery contemplated that it was to be installed in a building upon a foundation to be prepared in accordance with plans furnished by the seller, and it was delivered and installed with no knowledge by a vendee of the purchaser that the original seller reserved title until full payment of the price, the fact that the original contract of sale called for payment of a certain portion of the price on deliverey did not, as against a subsequent purchaser, make such payment a condition precedent to the right to install the machinery.

Sales: CONDITIONS PRECEDENT. A provision for the test of machinery as a prerequisite to its acceptance is generally for the benefit of the purchaser; and in the instant case refusal of an instruction making a test and acceptance of an engine purchased by a city from its contractor a prerequisite to the passing of title was proper.

Sales: FAILURE TO RECORD CONTRACT: REPLEVIN. Failure to record a contract for the sale of personalty, which reserves title in the seller, will not affect its validity as between the parties thereto; but this rule has no application to the seller's right to replevin the property from a third person.

Sales: REPLEVIN: QUESTION OF FACT. Where the evidence was conflicting concerning the right of possession of part of the equipment belonging with an engine that issue was for the jury.

Replevin: EVIDENCE. Where plaintiff sold a city contractor a stationary engine to be installed in the city light plant, which he afterwards sold to the city, his bond to the city was immaterial in an action by the seller against the city to replevin the engine, and was properly excluded, where it did not appear that the city had been reimbursed for the value of the property.

Same. In this action against the defendant city for replevin of an engine sold its contractor and installed in the city light plant, the members of the city council were entitled to testify that they expended the public funds in the purchase of the same from the contractor without knowledge of any claim of superior ownership in plaintiff's; as tending to negative the fact of notice, and to show reliance upon the contractor's possession as evidence of his ownership.

Same: PAYMENT: EVIDENCE. It was competent in this action to show the expense to the city of completing the contractor's work after his default, and to show the sum previously paid him in cash,

for the purpose of establishing the fact that it had discharged its
liability to the contractor under his contract.

Conditional sales: KNOWLEDGE OF AGENT: EFFECT. The uncommuni-
cated knowledge of an engineer employed to make plans and speci-
fications, to supervise the construction of a light plant for the city
and to make estimates upon which to base payments for the work,
concerning a contract reserving title to property sold the engineer,
was not binding upon the city.

*Appeal from Cass District Court.*—HON. THOMAS ARTHUR,
Judge.

MONDAY, DECEMBER 15, 1913.

ACTION in replevin to recover a steam engine furnished
and used in connection with the electric lighting plant of de-
fendant. From a verdict and judgment in favor of defendant,
the plaintiff appeals.—*Affirmed.*

*Willard & Willard,* for appellant.

*Thomas C. Whitmore, Thomas B. Swan,* and *C. A. Mere-
dith* and *W. R. Green,* for appellee, City of Atlantic.

WITHROW, J.—I.   This is an action in replevin, brought
by the appellant to recover one tandem compound condens-
ing engine, valued at $5,160, or to recover the value thereof,
and $5,500 damages for the wrongful detention thereof. The
appellant claimed to be the absolute owner of the engine in
controversy, and that the actual market value thereof was
$5,160. That it contracted said property to one Jos. A. Bort-
enlanger, conditionally, appellant retaining the title to or
ownership of said property, until full and final payment there-
for should be made, according to the terms of said contract,
which was as follows:   85 per cent. cash on delivery of en-
gine at Atlantic, balance on completion of contractor's work
for the city, and no part of the consideration has ever been

paid to it. That appellee the city of Atlantic was and still is in the possession of and using said engine. Before the commencement of this action, demand was made of appellee for the possession of said property, which was refused by the said appellee. In defense, the appellee pleads that appellant is barred and estopped from maintaining this action, because it first clothed Jos. A. Bortenlanger with the *indicia* of ownership by delivering the property in question to him, and then without objection stood by and permitted appellee, without any notice actual or constructive of the claim made thereto by appellant, to pay Jos. A. Bortenlanger, its contractor, $4,644, or 90 per cent. of the actual market value of said engine. Also, that Jos. A. Bortenlanger, who had agreed with the appellee to furnish the material and build for it an electric light and power plant, had installed in said appellee's power house on appellee's land said engine, and the same had become a fixture thereto, and thereby had become and was the absolute property of the appellee. There was a trial to a jury resulting in a verdict for the defendant, from which plaintiff appeals.

II.   The appellant is a corporation organized under the laws of the state of Ohio, and the appellee is a municipal corporation, organized under the laws of Iowa. On the 21st day of March, A. D. 1911, the appellee the city of Atlantic, Iowa, entered into a written contract with Joseph A. Bortenlanger Company, which contract provided that Jos. A. Bortenlanger Company was to furnish all labor, material, equipment, and supplies necessary for the construction and completion of an electric light and power plant for the city of Atlantic, Iowa, the terms of which, so far as they have bearing upon the case, will be noted in this opinion. After having entered into the contract with the city of Atlantic, Bortenlanger, who was the company, contracted with the appellant for the engine to be used in such construction, the title to which is now claimed to be in it because of the failure of Bortenlanger to pay for it as agreed, and because of the

following provision which was a part of the contract between Bortenlanger and the appellant: ''The title or ownership of the machinery called for under the terms of this proposal shall remain with the company (appellant), until full and final payment therefor shall have been made according to the terms herein stated and until notes, if any, shall have matured and have been settled for in full.  In case of default of any of the payments above provided for, the company may repossess itself of above-mentioned machinery wherever found.'' The contract was filed for record in the office of the recorder of Cass county, at Atlantic, on September 7, 1911, and duly recorded.  The appellant and Bortenlanger both were nonresidents of the state of Iowa.  After entering into the contract, the appellant shipped the engine to Bortenlanger, and it was received at Atlantic July 24, 1911.  There was evidence showing that the appellant knew the purpose for which the engine was being furnished, and that it was to become a part of the permanent light plant of the city of Atlantic.  There also was evidence tending to show that, while formal notice of appellant's reserved title was not served upon the city of Atlantic through its proper officers, certain of its officers were told by Bortenlanger, and learned prior to the receipt and installation of the engine, that as to all the machinery furnished by him the sellers reserved title until they were paid. This latter claim, however, was not admitted to be true, and it was a question of fact which arose in the case.  The city of Atlantic employed the W. K. Palmer Company Engineers to prepare the plans and specifications, and to assist in making the contracts, because of their technical knowledge of such matters, and also to supervise the work, and approve estimates upon which payments should be made to the contractor during the progress of the work.  In estimate No. 4, made in July, 1911, was included the engine in controversy, and under the contract payment was made by the city to Bortenlanger of 90 per cent. of the said estimate.  Before having completed his contract Bortenlanger became insolvent and unable to

proceed further with it, and thereupon the city, as was its right under its contract, completed the work, at a total cost largely in excess of that fixed in the Bortenlanger contract. To indemnify the city for failure arising out of his default, Bortenlanger had upon entering into the contract with it given bond as required by its terms.

III.    From the foregoing statement of facts, it will be seen that the case is in many of its features like that of *Allis-Chalmers Co. v. Atlantic* (Iowa), 144 N. W. Rep. 346, decided

1. REPLEVIN : fixtures: conditional sale : innocent purchaser : priority of right.

by this court at the present term, and the law as there announced must control as to this case, so far as it is applicable under the facts and the record presented.    We restate the governing rule announced in that case, ''where a vendor sells machinery which it is understood will become a part of the realty by being attached to it, and that it cannot be removed without injury, and thereby places it within the power of the vendee to so attach it, and sell or mortgage it to innocent purchasers,'' as against the purchaser under such conditions, who in this instance would be the city, without actual notice of the reserved title the vendor must suffer upon failure of the vendee to pay for the same.    The cause was tried in the court below in the main, under this theory of the law, and many of the errors now presented are based upon a different and contrary claim of right.

IV.    In instruction No. 4, given by the trial court, the jury were told that to entitle the defendant to hold possession of the engine, the burden of proof was upon it to

2. SAME: instructions.

show by the preponderance of the evidence: (1) That the defendant received possession of the engine, relying upon the ownership of Bortenlanger; (2) that Bortenlanger installed the engine upon the foundation prepared for it within the building located on the real estate of defendant, with the intention of Bortenlanger to make it a permanent part of the power plant; (3) that at such time the city had no knowledge or notice of the

claim of the plaintiff; (4) that relying upon the owner-
ship of Bortenlanger, and without knowledge or notice of
plaintiff's claim, the city paid to Bortenlanger 90 per cent.
of the value, under the estimate; (5) that prior to entering
into the contract with Bortenlanger the plaintiff, appellant,
knew of the terms and conditions of the contract between
Bortenlanger and the city, and that it was his intention to
permanently install the engine as a part of the improve-
ment upon property belonging to the defendant city.

This instruction is assailed by the appellant on several
grounds, charging omission to include in it the right of the
original owner, and as to how such right would be forfeited,
and also the omission to include the intention of the original
owner as to the use to which the property was to be put.
In instruction No. 4, above noted, the court instructed the
jury that failure on the part of the city to prove any one
or more of the matters necessary to its defense would entitle
the plaintiff to recovery. In this the right of the original
owner was expressly recognized as being absolute in the
absence of proof of any one of the necessary defensive
facts; in other words, the entire burden of proof in the
case was placed upon the defendant. city, and unless as to
any one of the material facts thus required to be proven by
it there was a failure in the proof, or uncontradicted evi-
dence against the defendant's right, the instruction was not
erroneous.

An inspection of the record reveals that the ques-
tion of notice at and prior to the time when the city would
be affected by it, if other submitted and
necessary ultimate facts were proven, was
the subject of dispute, and therefore a ques-
tion for the jury.

3. SAME: bona fide
purchaser: evi-
dence.

The intention of the appellant as to the use to which
the engine was to be put was not a necessary element in de-

termining whether it became a fixture, if the apparent owner-
ship and control of Bortenlanger were such as
to presumptively fix the title in him, although
its knowledge of such purpose was material.

4. SAME: fixtures:
   use: intention
   of seller.

Assuming that the appellant permitted him to take such
control, with knowledge that it was to be used in the manner
claimed, and permitted it to be so used, its right could not
be enlarged or affected by any undisclosed intention or want
of intention, and this is especially true when, as under the
facts which defendant was required to prove, the burden
was upon it to show that the appellant knew that such was
the intention of Bortenlanger. We find no error in in-
struction No. 4.

V.   The eighth instruction given by the trial court is crit-
icised. It states, in substance, that if all the facts are found
by the jury as is required by instruction No. 4, plaintiff could
not recover, and in much but not unnecessary
detail set out the particular facts, so far as
evidence tended to establish them. It is par-
ticularly urged that there was no evidence that

5. CONDITIONAL
   SALES: fix-
   tures: rights
   of subsequent
   purchaser.

the appellant furnished the engine to Bortenlanger for the
purpose of having it used in the construction of the plant,
without payment of 85 per cent. of its price first being made,
nor that it was to be so installed. The evidence was such that
the jury might properly find from it that it had such knowl-
edge. Its contract with Bortenlanger recognized that it was
to be installed in the building, upon a foundation to be built
in accordance with its own drawings, and it was to furnish
the necessary foundation bolts and nails for the purpose. It
was contracted for in March and delivered in July, for that
particular purpose, and so far as the city was concerned, if
it had no notice of a reserved title, the payment of 85 per
cent. of the contract price by Bortenlanger to the appellant
would not as to it be a condition precedent to its being right-
fully made a part of the equipment of the plant. The instruc-
tion as given was correct.

VI. The plaintiff requested the giving of ten instructions submitted by it to the trial court, and because of the refusal as to each it assigns error. Instruction No. 1, as requested, 6. SALES: condition precedent. made the test and acceptance of the property by the city, as provided in the contract, a necessary requirement to the passing of title to the city; or, stated differently, when the contract provided for test and acceptance, that title did not pass until both of such conditions had been met. In support of this claim, among the cases cited by appellant is that of *Wesco Supply Company v. Allerton*, decided by this court, and reported in 156 Iowa, 695. That case was one in which suit was brought against the town of Allerton to recover for a producer gas engine with its equipment for the production of electric light, and defense was made that it had not been accepted, and that such was a necessary condition before the plaintiff could recover. In that case we held that as a general rule the title does not pass until there has been a test and approval, and, holding the rule applicable to the situation there presented, the finding of the lower court that the defendant was not liable had our approval. But provision for test as a prerequisite to acceptance is generally for the benefit of the purchaser. Had Bortenlanger, immediately after the payment on the estimate, sought to retake the engine as his own, before test and acceptance, his inability to complete his contract being then known, it would not be held that he had such right, for he would be estopped by his conduct, and as applied to the present case we are of opinion that the question of test and acceptance does not properly arise.

VII. Instruction No. 2 requested by appellant in effect stated that title to the property had not passed, and in substance required the jury to so find. It did not offer a correct statement of the law, and the refusal was proper and to the same effect is instruction No. 4 asked by appellant.

VIII. The third instruction asked by appellant stated that the law did not require the contract between it and Bor-

tenlanger to be recorded, and the fact that it was not re-
corded until September 2d would not impair
its validity.    As between the parties to it,
there can be no criticism of this proposition,
waiving the assumption that the record of a contract between
nonresidents may impart notice; but the instruction could not,
under the rules governing this case, have aided in its solution.

**7. SALES: failure
to record con-
tract: replevin.**

IX. Instruction No. 6, which was requested, assumes as
undisputed the right of plaintiff to possession of the receiver,
which was a part of the equipment furnished.  In the instruc-
tions given we think the trial court correctly
left to the jury the determination of that
question, connected as it was with the entire
equipment, and having been included in that for which pay-
ment had been made by the appellee.

**8. SALES: replev-
in: question of
fact.**

X. Requested instructions Nos. 7 and 8 related to the
question of the intention of Bortenlanger, as to permanently
attaching the engine to the real estate, and No. 9 was upon
the theory that the engine remained personal property.  They
were not in harmony with the theory of the law adopted by
the trial court, under the evidence, and there was no error in
the refusal.

Other instructions requested and denied were substan-
tially given by the court.

XI. Plaintiff, this appellant, offered in evidence the bond
executed by the Bortenlanger Company to the city of Atlantic
to insure the performance of the work according to the con-
tract, which upon objection was excluded,
and error is assigned.    Whatever may be the
rights under it as between the city and Bortenlanger, they
cannot reach to and be material in an action in replevin, un-
less it should appear, which it does not, that as to the prop-
erty sought to be recovered the appellee had been recouped
in value.    It was without relevancy to this action and its ex-
clusion was right.    *Ind. Dist. v. Bank,* 68 Iowa, 350, cited by
appellant, does not state a contrary rule.

**9. REPLEVIN: evi-
dence.**

XII. Different members of the city council of Atlantic were, over appellant's objection, permitted to testify that in voting to allow Bortenlanger the amount of the estimates they relied upon his being the owner of the Corliss engine. The defendant pleaded an estoppel. To sustain it, it was proper to show that its officers in expending the public money did so without knowledge of any claim of ownership superior to that of the contractor. This, in effect, was the testimony now subject to objection, as it tended to negative the fact of notice, and a reliance upon possession as evidence of ownership. There was no error in the respect charged.

10. SAME.

XIII. A witness, Harlan, was permitted to testify, over appellant's objection, that after the city took over the work it expended nearly $23,000 in its completion. The city had paid to Bortenlanger in cash a sum in excess of $23,600. The expenditures incurred by the city in addition to the amount paid to Bortenlanger exceeded the contract price. We think it was not incompetent for the city to prove that it had made such payments, as showing that it had paid to Bortenlanger all that it was required to do under the contract with him.

11. SAME: payment: evidence.

XIV. W. K. Palmer, of the Palmer Company Engineers, prepared the specifications, and supervised the preparation of the contract between Bortenlanger and the city, and was in supervisory charge of the work, so far as related to inspection and making estimates upon which to base payments. The claim is made that he had knowledge of the contract between Bortenlanger and the appellant, and that such would be the knowledge of the defendant city. He was in effect the supervising architect. He was in no manner authorized to act for the city in the purchase of the material, and his uncommunicated knowledge of the claims of third parties would not bind it. *Lumber Co. v. Garmer,* 132 Iowa, 282.

12. CONDITIONAL SALES: knowledge of agent: effect.

XV. Appellant's motion for a directed verdict was based

upon the theory presented by its appeal, and in overruling it there was no error. Upon the pivotal questions there was such dispute of facts as required the submission of the cause to the jury.

The judgment of the trial court is *Affirmed*.

WEAVER, C. J., and DEEMER and GAYNOR, JJ., concurring.