(90 South. 334)

### GAYLE MOTOR CO. v. GRAY–ACREE MOTOR CO. (I Div. 207.)

(Supreme Court of Alabama. Nov. 3, 1921.)

1. Sales &=472(2) — Conditional seller's title under unrecorded contract good against one not claiming under conditional purchaser.

Notwithstanding Code 1907, § 3394, declaring contracts for the conditional sale of personal property void against purchasers, etc., unless in writing and recorded, the title of the seller under a conditional contract which was not recorded was valid as against a purchaser from one the source of whose title was not shown, and who, so far as appeared, did not claim title under or through the conditional vendee.

2. Tender &=24—Rescinding party who tendered difference in price not required to pay it into court.

Where a party, attempting to rescind an exchange of automobiles for failure of title to the car received by him, on two different occasions tendered back the cash difference in price paid him, he did all within his power to place the parties in statu quo, and his failure to pay the money into court, in an action of detinue to recover his car, did not prevent judgment in his favor.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Detinue by the Gray-Acree Motor Company against the Gayle Motor Company and others for an automobile. Judgment for the plaintiff, and the defendants appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Smiths, Young, Leigh & Johnston, of Mobile, for appellant.

The burden is on the plaintiff to establish paramount title to the Chandler car in the Royal Auto Company before it is entitled to recover. 176 Ala. 242, 57 South. 757. The burden is on the plaintiff to show a record of the contract in Mobile county. 187 Ala. 533, 65 South. 783, Ann. Cas. 1916A, 877. Plaintiff's failure to pay into court the $25 was fatal. 113 Ala. 519, 21 South. 376, 59 Am. St. Rep. 135; 82 Ala. 302, 2 South. 911. See, also, relative to the recordation of the contract, section 3394, Code 1907, and 3 Ala. App. 634, 57 South. 122.

Harry T. Smith & Caffey and Mell A. Frazer, all of Mobile, for appellee.

As between the conditional seller and the conditional buyer, the conditional contract of sale was valid without recordation. 9 Ala. App. 483, 64 South. 182; 93 Ala. 257, 9 South. 285, 12 L. R. A. 700; 187 Ala. 533, 65 South. 783, Ann. Cas. 1916A, 877. To invoke the protection of the statute, one must have succeeded to the title or right of the conditional vendee by purchasing from or through his chain of titles. 9 Ala. App. 483, 64 South. 182; 166 Ala. 99, 51 South. 994; 122 Md. 303, 89 Atl. 501, Ann. Cas. 1916A, 1255; 176 Ill. 288, 52 N. E. 22; 47 Wash. 123, 91 Pac. 629. To put the burden where appellant contends for would require proof of the negative. 28 Ala. 521; 57 Ala. 179. One purchases from a conditional vendee at his peril, if he purchases within the 90-day period. 187 Ala. 533, 65 South. 783, Ann. Cas. 1916A, 877; 13 Wyo. 111, 78 Pac. 402; 163 Iowa, 380, 144 N. W. 635; 93 Ala. 257, 9 South. 285, 12 L. R. A. 700.

GARDNER, J. Plaintiff (Gray-Acree Motor Company) sued the defendants, Gayle Motor Company, a partnership, in detinue for recovery of an automobile, described as a Willys-Knight coupé. The cause was tried before the court without a jury, resulting in a judgment for the plaintiff, from which defendant prosecutes this appeal.

It is without dispute that the plaintiff was the owner of the car sued for when in May or June, 1920, it made an exchange with the defendant for a Chandler roadster, being paid a difference of $25. Plaintiff had this roadster in its possession for about 30 days, when the Royal Auto Company made claim thereto, exhibiting a conditional sale contract, and brought suit for and took possession of the car. Plaintiff, upon being informed that the

defendant had no title to the roadster acquired by it in the trade, sought a rescission of the same and a return of its coupé. There was ample evidence to support a finding by the trial court that plaintiff had on two separate occasions also offered a return of the $25, which had each time been promptly refused by defendants, insisting they would "hold what they had."

The pivotal question in the case therefore is whether or not the Royal Auto Company held the paramount title to the Chandler roadster which plaintiff acquired in the exchange with defendants. It was established without dispute that the Royal Auto Company was the owner of this roadster on January 15, 1920, when it made a conditional sale thereof to one Cauley, who resided in Mississippi. The contract was in writing signed by the parties, reserving title in the vendor until payment of the full purchase price, and containing a provision against the removal of the car from the state of Mississippi without the seller's consent. The purchase price was $1,000, a portion of which had been paid; but at the time the Royal Auto Company repossessed itself of the roadster from the plaintiff in this action the purchaser, Cauley, was in default, and there was past due under his contract the sum of $369. The Royal Auto Company first learned that the car was in Mobile in July, 1920, and immediately took steps for its recovery. The contract was recorded in Mobile county July 17, 1920. The defendant purchased the roadster from the Southern Motors Corporation about April 20, 1920. The record does not disclose when the car was brought into this state further than that witness for the defendant testified that he purchased on the above date, and he knew the car had been in Mobile from about the middle of April.

[1] The foregoing statement of facts discloses, therefore, that the plaintiff has shown a paramount outstanding title in the Royal Auto Company at the time it acquired the car from the defendant, unless the defendant in the purchase was brought within the saving influence of section 3394 of the Code of 1907, which provides for the recordation of conditional sales contracts. Weinstein v. Frever, 93 Ala. 257, 9 South. 285, 12 L. R. A. 700; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 South. 944; Motor Sales Co. v. McNeil (App.) 89 South. 89, reviewed by this court in Ex parte McNeil, post, p. 700, 89 South. 923, present term.

The sole remaining question, therefore, is whether or not defendants' purchase from the Southern Motors Corporation came within the protection of this statute. We think it quite clear that the provisions of this statute protecting purchasers of property embraced in conditional sales contracts were intended only for those who purchased from or through the title of conditional vendee, relying upon the possession and apparent ownership, the result of such conditional sale; otherwise the very basis for the statute would be undermined, which was that the conditional vendor, having intrusted the conditional vendee with possession, and having misled those purchasing from him to believe that his appearance of title was actual, was not thereafter in position to deny that the conditional vendee was the owner.

Where one purchases through a chain of title other than from or through the conditional vendee, there will be no reason for applying such rule because such a purchaser does not purchase relying upon the appearance of title created by the conditional vendor. The statute was so construed by the Court of Appeals in Elliott v. Palmer, 9 Ala. App. 483, 64 South. 182, where the court, speaking through Walker, P. J., said:

"The statute (Code, § 3394) upon which the appellee relies, like those passed upon in the decisions above referred to, is one for the protection of creditors against undisclosed claims of third persons to property the possession or apparent ownership of which is in the debtor. * * * It is not less plain that the sole purpose of the requirement of the later statute [Code, § 3384] as to the contracts it mentions being in writing and recorded was to afford the means of warning to those who might subsequently have dealings with parties to such contracts, and that protection of those who previously may have had and concluded dealings with such parties was not in legislative contemplation."

To like effect, see Tremere v. Barfield, 12 Ga. App. 774, 78 S. E. 729; Hooven, etc., Co. v. City of Atlantic, 163 Iowa, 380, 144 N. W. 635; In re Atlanta News Pub. Co. (D. C.) 160 Fed. 519.

The defendant purchased the roadster here in question from the Southern Motors Corporation, but where the latter procured the car or from whom does not appear from this evidence. For aught that appears from this record, the car may have been stolen, and brought into this state. In any event, it is not made to appear that the Southern Motors Corporation claims any title under or through that of the conditional vendee, Cauley. As this statute was intended to protect such persons only as claimed title from or under the conditional vendee, defendants are therefore not shown to have been brought within the influence of its protection. This conclusion fully justifies the judgment of the trial court without regard to a consideration of the other questions presented by the record.

[2] There is some suggestion in brief of counsel for appellant that judgment should not have been rendered for the plaintiff for the reason that the record fails to show that the $25 received by the plaintiff had been paid into court. As previously stated, the

evidence amply supports the finding that plaintiff before bringing this suit made a tender of the $25 to the defendants on two different occasions, which tenders were refused. Plaintiff therefore made every effort within its power to place the parties in statu quo, and has met the requirements of the rule of decisions in this respect. 3 Michie, Digest, 363; Fuller v. Chenault, 157 Ala. 46, 47 South. 197; Hays v. Woodham, 145 Ala. 597, 40 South. 511.

This treatment of this particular question meets the approval of Chief Justice ANDERSON, and Justices McCLELLAN and THOMAS. Justices SAYRE, SOMERVILLE, and MILLER pretermit a determination as to whether an actual payment of the money into court was essential, and entertain the view that in any event, if such payment were necessary, it was waived in the instant case by defendant who proceeded with the trial to final judgment without making any objection to any such alleged failure on plaintiff's part. 26 R. C. L. 643.

The judgment will be affirmed.

Affirmed.

All the Justices concur.