(114 So. 678)

## ISBELL–HALLMARK FURNITURE CO. v. SITZ. (7 Div. 784.)

Supreme Court of Alabama. Nov. 25, 1927.

1. Landlord and tenant ⚮⟶245—As against tenant, landlord's lien attaches to property as security of rent of entire term.

As against tenant, potential lien of landlord attaches to property enjoying protection of premises as security of rent of entire term.

2. Landloard and tenant ⚮⟶245—Lien of landlord for rent extends only to rents accrued at time he received notice of title of conditional vendor. (Code 1923, §§ 6898, 8814).

Since a bona fide purchaser is protected only to extent he has parted with value before actual notice of superior outstanding title, and landlords, in Code 1923, § 6898, are put in class with bona fide purchasers, landlord, having lien under such section and section 8814, is protected only to extent of rents accrued at time he receives notice of title of conditional vendor, who sells property to tenant.

Petition of Frank Sitz for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Isbell-Hallmark Furniture Co. v. Frank Sitz (Ala. App.) 114 So. 675. Writ denied.

See, also, Isbell-Hallmark Furniture Co. v. Sitz (7 Div. 698) ante, p. 3, 114 So. 677.

Hood & Murphree, of Gadsden, for appellant.

If the lien of the landlord attached, it attached for the entire term. Andrews Mfg. Co. v. Porter, 112 Ala. 381, 20 So. 475; Scott v. Renfro, 106 Ala. 611, 14 So. 556; Shapiro v. Thompson, 160 Ala. 363, 49 So. 391; Nicrosi v. Roswald, 113 Ala. 592, 21 So. 338.

Culli, Hunt & Culli, of Gadsden, for appellee.

Plaintiff's recovery could only be for the rents claimed in his affidavit on attachment. Nicrosi v. Roswald, 113 Ala. 593, 21 So. 338; Isbell-Hallmark Fur. Co. v. Sitz (7 Div. 698) ante, p. 3, 114 So. 677.

BOULDIN, J. In Isbell-Hallmark Furniture Co. v. Frank Sitz, 114 So. 677,[1] we considered the effect of the amendment appearing in Code, § 6898, extending protection to "landlords with liens" against unrecorded conditional sale contracts. We held this amendment gives priority to landlords having liens under Code, § 8814.

The question now presented for review is whether the superior lien of the landlord extends to the rent due and to become due for the entire term, or is limited to the rent accrued at the time the conditional sale contract is recorded and the landlord receives actual notice thereof.

[1] As against the tenant, the potential lien of the landlord attaches to property enjoying the protection of the premises as security of the rent of the entire term. Nicrosi v. Roswald, 113 Ala. 593, 21 So. 338; Scott v. Renfro, 106 Ala. 611, 14 So. 556.

The question now is not the extent of the potential lien as against the tenant, but how far the recording statute gives his lien priority over unrecorded instruments of this character.

---

⚮⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 3.

In terms, the recording statute declares such contracts "as to such condition void" against the classes of persons protected. When recorded, they are no longer void as to the condition except for the protection of those acquiring rights in the property prior thereto.

[2] Landlords are put in a class with bona fide purchasers in this recording statute. It is well settled that a bona fide purchaser is protected only to the extent he has parted with value before actual notice of the superior outstanding title. Nolen v. Farrow, 154 Ala. 269, 45 So. 183. By analogy, the landlord may well be regarded as having given value, the use of the property, only to the extent rents have accrued at the time he receives notice of the title of the conditional vendor.

Otherwise, it is in the power of the landlord and tenant to effectually absorb the value of the property in future rents, with full knowledge that it is at the expense of the real substantial owner of the property. We do not think such the legislative intent. We limit this decision to the fact and date of actual notice.

Writ of certiorari denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.