(127 So. 243)

## LA RUE v. LOVEMAN, JOSEPH & LOEB.

### 6 Div. 537.

Supreme Court of Alabama.

Jan. 28, 1930.

Rehearing Denied April 3, 1930.

678

Theodore J. Lamar, of Birmingham, for appellant.

W. H. McGowen, of Birmingham, for appellee.

BROWN, J.

Prior to the enactment of the statute, now section 6898 of the Code 1923, contracts for the sale of personal property, with condition that the title should remain in the vendor until the purchase money was paid, were valid as to the condition, though not in writing, even as against purchasers for value and without notice. Weinstein v. Freyer, 93 Ala. 257, 9 So. 285, 12 L. R. A. 700; 24 R. C. L. 455, § 752.

The purpose and effect of the statute was to make void the condition as to the protected class—originally purchasers for value, subsequent mortgagees, and judgment creditors not having notice of such condition, unless the contract was reduced to writing and recorded. Code of 1896, § 1017; Code 1907, § 3394. The statute as revised and brought forward in the Code of 1923, extends like protection to landlords with a lien acquired without notice of the condition. Code of 1923, § 6898; 24 R. C. L. 465, § 759.

Otherwise there has been no change in the law from what it was prior to the enactment of this statute, and, where a contract of conditional sale is recorded as authorized by the statute, and contains a specified description of the property, or furnishes data sufficient to direct the attention of those reading it "to some source of information beyond the words of the parties to it," such recording saves the condition as to all persons dealing with the property. Stewart v. Clemens (Ala. Sup.) 124 So. 863;[1] Gayle Motor Co. v. Gray-Acree Motor Co., 206 Ala. 586, 90 So. 334; Warrant Warehouse Co. v. Cook, 209 Ala. 60, 95 So. 282; Wood et al. v. West Pratt Coal Co., 146 Ala. 479, 40 So. 959; Harris Motor Company v. Bailey, 219 Ala. 8, 121 So. 33.

The petitioner's contention here is that the conditional sale contract not only does not meet this requirement as to description, but, inasmuch as the contract itself provided that "the property should be kept in premises known as 705, 13th Avenue South," and the vendor had consented to a sale by the conditional vendee to Silliman, who assumed the payment of the balance due on the purchase price, and allowed Silliman to remove the property from the premises designated in the contract, it is estopped to assert its title against petitioner, whose right and lien attached subsequent to such consent and removal. There is considerable force in this contention, but the answer here is that the Court of Appeals, without dealing with the sufficiency of the description—or rather its insufficiency—held that the recordation of the contract operated as constructive notice to the appellant. Moreover, the description of the property in the contract is not embodied in the opinion of that court so as to present that question for review in this proceeding. Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

The holding of the Court of Appeals, assuming that petitioner was not chargeable with notice of the conditional vendor's rights in the property, that the petitioner had shown no such interest in the property as would defeat its recovery in an action of detinue by the conditional vendor, is in direct conflict with the holding of this court on the former review. La Rue v. Loveman, Joseph & Loeb (Ala. Sup.) 127 So. 241.[2] See, also, Campbell v. Riddle, 217 Ala. 619, 117 So. 59; Beck v. Crow, 204 Ala. 295, 85 So. 489. In this respect the opinion is disapproved. The judgment of affirmance by the Court of Appeals is justified by the holding of that court that the recordation of the conditional sale contract operated as constructive notice and saved the conditions in the contract. This necessitates a denial of the writ.

Writ denied.

All the Justices concur.