142 So. 828

## GAY v. RADNEY.
### 5 Div. 119.

Supreme Court of Alabama.
June 25, 1932.

Paul J. Hooton, of Roanoke, for appellant.

D. T. Ware, of Roanoke, for appellee.

**BOULDIN, J.**

The action is by the landlord of a dwelling for the destruction of his lien upon the furniture of his tenant. Code, § 8814.

The defendant was holder of a mortgage given for the purchase money due for such furniture.

The evidence for defendant tended to show that the furniture was first placed in the house under a sort of bailment about October 1, 1930, awaiting the arrival of the wife of the tenant before concluding a sale, and on October 15, 1930, the sale was concluded to husband and wife, who gave a joint mortgage to defendant, who promptly forwarded same by mail for record, and it was filed for record on October 17, 1930.

The rental term began October 1st, and the rent for October was paid by the tenant. Rents for subsequent months, aggregating $60, were not paid.

The tenant, on vacating the premises, sent the key of the house to the mortgagee with directions to go and get the furniture. He did so, but did not foreclose the mortgage under power of sale, proceeding, it seems, to resell the property as his own, and had sold some articles realizing a sufficient amount to pay most of the debt, and still had some of the articles on hand at the time this suit was filed.

Dealing with the priorities between the parties, we note that in cases of conditional sale contracts under existing statutes the superiority of the landlord's lien only covers rents accruing before actual notice of the vendor's title, or before constructive notice

by filing the paper for record. Isbell-Hallmark Furniture Co. v. Sitz, 217 Ala. 51, 114 So. 678; La Rue v. Loveman, Joseph & Loeb, 220 Ala. 2, 127 So. 241.

The same principles govern purchase-money mortgages given contemporaneously with the sale, or at least no greater interest can exist in favor of the landlord. Merely because the lien attaches for the full term as between the landlord and tenant cannot be made to subordinate the title of a mortgagee, who, as here, promptly put his mortgage to record.

Under defendant's version of the transaction, the rent for October having been fully paid, the landlord's lien was subordinate to the mortgage.

So far as appears, the trial court recognized this priority, but, declaring the undisputed evidence disclosed the property for which the mortgagee should account was of the value of $218, a sum more than sufficient to pay both debts, he gave the affirmative charge with hypothesis to "find for the plaintiff and assess his damages at $60.00."

In this the court invaded the province of the jury. The court, as we read the record, was in error in stating that even plaintiff's testimony showed the value of the property was $218, and defendant's evidence as to the value of articles on hand and those disposed of was quite different.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and KNIGHT, JJ., concur.