## LOVEMAN, JOSEPH & LOEB v. FOSTER.

### 6 Div. 394.

Supreme Court of Alabama.

Oct. 12, 1933.

Leader & Ullman and Samuel Tenenbaum, all of Birmingham, for appellant.

Chas. W. Greer, of Birmingham, for appellee.

**BROWN, Justice.**

The claimant's motion to quash the attachment proceedings was without merit, and was overruled without error. The provisions of the Act of September 18, 1915 (Gen. Acts 1915, p. 604) were not brought forward into the Code of 1923. That act was superseded by the Act of September 25, 1919 (Gen. Acts 1919, p. 557), the provisions of which are embodied in the Code as sections 9430–9434, and the last-mentioned section provides that: "The mode of service provided in the preceding sections shall be an additional mode of service, and not exclusive of any other mode now provided by law."

The claimant cannot question mere irregularities in the proceedings in the attachment suit. It is only where the plaintiff's writ is void that the claimant may attack the levy. Jackson v. Bain, 74 Ala. 328.

Nor has the claimant the right to question the sufficiency of the plaintiff's complaint in the attachment suit. The claimant is not a party to that suit, and therefore the court had the right to disregard its demurrers filed to that complaint, or might well have stricken them from the file, and it was not reversible error to overrule them. Brothers et al. v. Russell & Duke et al., 195 Ala. 643, 71 So. 450.

Where a claim is interposed by a third party under section 10375 of the Code, the issue on the trial is whether the property levied on is subject to the writ, and on this issue the plaintiff takes the affirmative, and has the burden of proving that the defendant has such title in the property as is subject to levy and sale under the writ. This burden, as a general rule, is met and a prima facie case made for the plaintiff by evidence showing that the property was in the possession of the defendant at the time of the levy, and the claimant, to meet the prima facie case, may offer any evidence touching this issue that tends to show that the defendant has no such title as is subject to the writ, or that the plaintiff has no lien or is estopped to assert such lien, or that the right and title of the claimant are superior to any claim or right of the defendant. Millitello v. B. F. Roden Grocery Co., 190 Ala. 675, 67 So. 420; Brothers et al. v. Russell & Duke et al., supra.

The statute requires the plaintiff to "allege that the property claimed is the property of the defendant in the writ and is liable to its satisfaction." Code 1923, § 10376; Keyser v. Maas & Schwarz, 111 Ala. 390, 21 So. 346.

Before the amendment of section 6898 of the Code, including landlords with a lien in the class protected against conditional sales of personal property, where the title was reserved in the vendor unless they could be charged with notice of the vendor's rights, the lien of the landlord which runs against and attaches to the property of the tenant enjoying the protection in the premises was subordinate to the reserved title in the vendor. La Rue v. Loveman, Joseph & Loeb, 220 Ala. 677, 127 So. 243; Wells v. Wright, 219 Ala. 261, 122 So. 167, 168.

The purpose of the amendment was to protect landlords "against unknown and unrecorded conditional sales contracts." Wells v. Wright, supra.

The law must now be regarded as settled that the landlord, as between himself and a conditional vendor, can only enforce the lien given by section 8814 on property obtained by the tenant under a conditional sale contract where the title is reserved in the vendor, as to rents accrued prior to the time the landlord is chargeable with notice, actual or constructive. Gay v. Radney, 225 Ala. 331, 142 So. 828; La Rue v. Loveman, Joseph & Loeb, supra.

The evidence is without dispute that the conditional sale contract under which the defendant in attachment obtained the property in controversy was recorded on July 25, 1930, in the office of the judge of probate of the county in which the property was situated. Therefore the question presented for decision is whether or not any part of the rent for the month of July had accrued and was unpaid when said conditional sale contract was recorded. The solution of this question depends upon the construction of the provision of the lease between the plaintiff and the defendant in attachment, and the plaintiff's testimony. Stipulations in the lease pertinent to the question are:

"* * * The lessee agrees to pay the lessor, or said agent at the office of said agent in Birmingham, Alabama, on the first day of each month of said term, as rent for said premises the sum of One Hundred and fifty and 00/100 Dollars ($150.00) per month, being at the rate of Eighteen Hundred Dollars ($1,800.00) per annum.

"The lessee has the option to buy on or before January second *nineteen hundred and thirty-one* at $23,500.00, rents to be credited toward sale price less interest on mortgages. Lessee to pay on September 14, $475, which is one-half of interest and reduction on the second mortgage note secured by this property. Should this option to buy be exercised, the following contract is to be executed; Lessee is to pay $2,035 cash and assume all mortgages on the property, the difference between mortgages and purchase price to either be replaced by second mortgage payable $150.-00 per month, or to let unpaid balance be paid $150 per month. * * *

"The plaintiff testified that at the time suit was instituted on to-wit, September 4, 1930, the defendant owed her $150.00 rent for August and $150.00 for September and $50.00 for July. In addition to the $150.00 monthly rent, Coleman had agreed to pay the sum of $475.00 referred to in the written lease by prorating the same over the term of the lease in monthly payments of $54.00 per month. *All of this was to come due in September unless she paid the pro rata* part which was due prior to that time. She paid the $54.00 for May and June, but did not pay the pro rata on the $475.00 for July, August and September, except $4.00 paid on the July pro rata leaving an unpaid balance of $50.00 for the month of July; that the attachment was precipitated by virtue of the defendant breaching her rental contract and moving her furniture out of the premises rented," etc. (Italics supplied.)

It is perfectly clear that the $50, referred to in plaintiff's testimony, was not any part of the $150 rent reserved for July, but was part of the $475 referred to in the option clause as "one-half of the interest and reduction on the said mortgage note" which the tenant had agreed to pay as the consideration for the option. That Coleman paid in installments as a matter of convenience, no doubt, anticipating that she would purchase at the expiration of the lease, does not change the fact that the $50 referred to was not rent.

The statute, section 8814, Code 1923, gives the landlord a lien "for his rent" only.

We are therefore at the conclusion that no part of the rent reserved for the month of July remained unpaid, and therefore the claimant, and not the plaintiff, was entitled to recover.

The judgment of the circuit court is reversed, and one here rendered in favor of the claimant, appellant here.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.