179 So. 638

## SMITH v. KILLIAN.

### 7 Div. 490.

Supreme Court of Alabama.

March 10, 1938.

a mortgage or conditional sale contract, with notice of the landlord's lien, such vendor occupies no higher position than the tenant in relation to the landlord's lien.

This obviously follows from well-known rules governing priorities of liens, etc.

In such case notice that the property is on rented premises is notice of the landlord's lien.

The evidence, fully considered, discloses a case within the rules last stated. No detailed discussion is deemed necessary.

The decree of the trial court was in accord with these views.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

Haralson & Crawford, of Fort Payne, for appellant.

Scott & Dawson, of Fort Payne, for appellee.

BOULDIN, Justice.

The landlord's lien under Code 1923, § 8814, attaches to property enjoying the protection of the premises for the rents of the entire term.

If, at the time the lien attaches, the tenant holds the property under a conditional sale contract of which the landlord has no actual notice, nor constructive notice from the record of such contract, the landlord's lien is superior to the title or claim of the conditional vendor for the rents accruing prior to actual notice to the landlord of the conditional vendor's rights in the property, but not for the rents of the entire term. Gay v. Radney, 225 Ala. 331, 142 So. 828; Isbell-Hallmark Furniture Company v. Sitz, 217 Ala. 51, 114 So. 678.

But if at the time the landlord's lien attaches the vendor has no conditional sale contract, and thereafter takes security for unpaid purchase money in the form of