22 So.2d 334

**SPINKS v. E. E. FORBES & SONS PIANO CO., Inc.**

8 Div. 308.

Supreme Court of Alabama.

May 24, 1945.

F. E. Throckmorton, of Tuscumbia, for appellant.

W. F. McDonnell, of Sheffield, for appellee.

BROWN, Justice.

 The defendant's special pleas two and three—in confession and avoidance—were subject to some of the objections pointed out in the demurrer. They show that the defendant claimed title to the property through gift from her husband, and the averments of said pleas do not show that the husband had the title to the property, the subject of the gift. The title of the donee cannot rise higher than the title of the donor. 24 Amer.Juris., p. 731, § 3.

The averments of said pleas do not bring the defendant within the protection of § 131, Tit. 47, Code 1940. Lynn v. Broyles Furniture Co., 3 Ala.App. 634, 57 So. 122; Gayle Motor Co. v. Gray-Acree Motor Co., 206 Ala. 586, 90 So. 334.

The defendant's objections to the conditional sales contract as evidence were untenable. The fact that the contract was not recorded until within a few days before the suit was brought did not render it inadmissible as evidence, where its execution had been duly proven, and the retention of the contract by the plaintiff, and the acceptance of payments thereon, was sufficient approval. The contract did not require a written approval.

The evidence offered by the defendant to show title was to the effect that the property was presented to her by her husband as a Christmas gift, and that she had been in the continuous possession thereof from December 24, 1940, up until the trial, a period of less than six years. This was not sufficient to establish title in her, in the absence of evidence showing title in the husband. L. Grunewald Co. v. Copeland, 131 Ala. 345, 30 So. 878; Code 1940, Tit. 7, § 21, Subsection 3.

Nor is there any merit in the contention that the delivery of the property on the 24th of December, 1940, at the home of the prospective purchaser vested title in the defendant, his wife. The evidence shows that the delivery and installation were for the purpose of tests or trial and approval. Leigh v. Mobile & Ohio R. Co., 58 Ala. 165; Caffey v. Alabama Machinery & Supply Co., 19 Ala.App. 189, 96 So. 454; 46 Amer.Juris. p. 656, § 493. The objections to the evidence offered by the defendant were properly sustained.

The plaintiff was due the general affirmative charge which it requested in writing.

This disposes of all questions argued in brief.

We find no error in the record.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.